# EXHIBIT 3

**LYDIA THORNSBURY**                                    PLAINTIFF

**VS.**

**WALMART INC.**
Serve: Registered Agent
C T CORPORATION SYSTEM
306 W MAIN ST
SUITE 512
FRANKFORT, KY 40601

**ROGER COLLIER**
(Individually and in his Capacity as Manager at Walmart Inc.)
Serve:
499 Highway 3406
Mayking, KY 41837-9004

**AND**

**UNKNOWN DEFENDANTS**                                DEFENDANTS

(Being any other employees, agents, persons, entities, corporations or independent
contractors responsible for maintenance of the floor inside Walmart Super Store #1505
located at 254 Cassidy Blvd, Pikeville, KY 41501)
Serve: Via Warning Order Attorney

---

### COMPLAINT AND
### DEMAND FOR JURY TRIAL

---

      Comes the Plaintiff, Lydia Thornsbury, by and through counsel, and for her

Complaint against the Defendants, namely, WALMART INC., ROGER COLLIER, and

UNKNOWN DEFENDANTS, (hereinafter referred to collectively as "Defendants"),

states as follows:

## PARTIES

1. That the Plaintiff, LYDIA THORNSBURY, (hereinafter referred to as "Ms. Thorsbury"), is and was at all times applicable hereto, a citizen and resident of this Commonwealth, residing at McDowell, in Floyd County, KY.

2. That the Defendant, WALMART INC., (hereinafter referred to as WALMART), is and was at all times applicable hereto, a foreign corporation with a principal place of business located at 702 SW 8th Street, Bentonville, AR.

3. That Walmart conducts business in the Commonwealth of Kentucky at Walmart Super Store #1505, located on 254 Cassidy Blvd, in Pikeville, KY 41501, in Pike County.

4. That Walmart is subject to service of process by and through its registered agent, CT CORPORATION SYSTEM, at 306 W MAIN ST, SUITE 512, FRANKFORT, KY 40601.

5. That the Defendant, ROGER COLLIER, (hereinafter referred to as WALMART MANAGER), is and was at all times applicable hereto, the Manager at Walmart Super Store #1505, located on 254 Cassidy Blvd, in Pikeville, KY 41501.

6. That the Defendant, Walmart Manager, is and was at all times applicable hereto, a citizen and resident of Letcher County, KY.

7. That the Defendant, Walmart Manager, is subject to service of process 499 Highway 3406 Mayking, KY 41837-9004.

8. That UNKNOWN DEFENDANTS, are or are believed to be at all times applicable hereto, any other employees, agents, persons, entities, corporations, or independent contractors, whether in whole or in part, responsible for maintaining the floors inside Walmart Super Store #1505, located on 254 Cassidy Blvd, in Pikeville, KY 41501

9. That to the Plaintiffs best knowledge and belief, these Unknown Defendants are residents of this Commonwealth and may be served through a Warning Order Attorney appointed by this Court, or at those service addresses which may be discovered through the course of this litigation.

## JURISDICTION AND VENUE

10. The Plaintiff re-alleges each and every paragraph stated hereinabove and incorporates them by reference as if fully set forth hereat.

11. That because the actions complained of herein and the incident set out below occurred in Pike County, Kentucky, and because the amount in controversy exceeds the jurisdictional threshold limits of this Court, the Pike Circuit Court has both proper jurisdiction and venue over the subject matter and the parties.

## ALLEGATIONS

12. The Plaintiff re-alleges each and every paragraph stated hereinabove and incorporates them by reference as if fully set forth hereat.

13. That on or about February 26, 2017, Ms. Thornsbury was shopping, and lawfully on the premises of Walmart Super Store #1505, located at 254 Cassidy Blvd, Pikeville, KY 41501.

3

14. That on said date, the floor at Walmart was in an unreasonably slick, unsafe, and dangerous condition.

15. That Defendants, whether in whole or in part, failed to maintain and inspect the premises at Walmart and negligently allowed the floor remain in an unreasonably slick, unsafe and dangerous condition.

16. That Defendants, whether in whole or in part, knew or should have known about the unreasonably slick, unsafe and dangerous condition of the floor which caused injury to the Plaintiff.

17. That the Defendants, whether in whole or in part, failed to warn the Plaintiff of the unreasonably slick, unsafe and dangerous condition of the floor.

18. That as a result of the unsafe condition of the floor, Ms. Thornsbury slipped and fell, injuring her neck and shoulder.

19. That as a direct and proximate result of the Defendants' negligent acts or omissions, the Plaintiff has suffered serious and permanent bodily injury and has been caused to endure now, and in the future, pain, suffering and mental anguish, and loss of enjoyment of life.

20. That as a direct and proximate result of the Defendants' negligent acts or omissions, Ms. Thornsbury has and will continue to incur in the future, compensatory and special damages exceeding the jurisdictional threshold of this Court.

21. That as a direct and proximate result of the Defendants' negligent acts or omissions, the Plaintiff has incurred medical expenses of approximately or in excess of ($15,000.00) and will continue to incur medical expenses in

the future which are associated with the injuries she has suffered as a result of the slip and fall which is the subject matter of this action.

22. That as a result direct and proximate result of the Defendants' negligent acts or omissions, the Plaintiff has incurred and will continue to incur in the future, inconvenience and other expenses related to the travel necessary to obtain medical treatment for the injuries she has suffered, including but not limited to the cost of fuel and mileage.

## COUNT I - NEGLIGENCE

23. The Plaintiff re-alleges each and every paragraph stated hereinabove and incorporates them by reference as if fully set forth hereat.

24. That Walmart and Walmart Manager owed a duty to business invitees, including the Plaintiff, to exercise ordinary care to maintain its premises in a reasonably safe condition and to give adequate warning to enable business invitees such as Plaintiff to avoid injury because of any artificial or natural condition which is not reasonably safe and which is not known to the invitee.

25. That to the Plaintiffs best knowledge and belief, the Unknown Defendants, whether in whole or in part, also had fiduciary, contractual or other duties to maintain the floors at Walmart, in a reasonably safe and navigable condition so as to protect against the risk of injury to patrons such as the Plaintiff.

26. That Defendants breached said duties when they failed to maintain and inspect the floor at Walmart, negligently allowing it to remain in an

unreasonably slick, unsafe and dangerous condition, without warning to the Plaintiff.

27. That Defendants lack of due care, actually and proximately resulted in the serious and permanent injuries suffered by the Plaintiff.

## COUNT II – NEGLIGENT HIRING/TRAINING/SUPERVISING/FIRING

28. The Plaintiff re-alleges each and every paragraph stated hereinabove and incorporates them by reference as if fully set forth hereat.

29. That Walmart Manager negligently hired, trained, supervised, and/or negligently contracted with other employees, agents, persons, entities, corporations and/or independent contractors who failed to maintain the floor at Walmart in a reasonably safe and navigable condition.

30. That Defendants lack of due care, actually and proximately resulted in the serious and permanent injuries suffered by the Plaintiff.

## COUNT III – RESPONDEAT SUPERIOR

31. The Plaintiff re-alleges each and every paragraph stated hereinabove and incorporates them by reference as if fully set forth hereat.

32. That Walmart Manager, is and was at all times applicable hereto, acting within the scope of his employment and performing duties on behalf of or for the benefit of Walmart.

33. That as a result of said employment relationship, Walmart is vicariously liable for any negligent act or omission committed by said employees or agents, including Walmart Manager, which actually and proximately caused injury or damage to the Plaintiff.

6

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Lydia Thornsbury, respectfully requests this Court for the following:

1. That a copy of this Complaint, Summons and other initiating documents be served upon the Defendants as stated hereinabove;

2. That a Warning Order Attorney be appointed to serve the Unknown Defendants, (being any other employees, agents, persons, entities or independent contractors responsible for maintenance of the floors inside Walmart Super Store #1505, located at 254 Cassidy Blvd, Pikeville KY 41501);

3. A Trial By Jury;

4. Compensatory damages for Plaintiff's past, present and future medical expenses; past, present and future physical and mental pain and suffering; loss of enjoyment of life; other special, incidental and consequential damages; attorney fees; costs herein expended; pre-judgment and post-judgment interest and any and all other damages set forth hereinabove; and

5. Any other relief in law and/or equity that this Court deems appropriate.

Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY 41653
Tel: (606) 886-9494
Fax: (606) 8861411

Ashley Tackett Laferty
Matt Runyon

7

LYDIA THORNSBURY                                                    **PLAINTIFF**

**VS.**

**WALMART INC.**
Serve: Registered Agent
C T CORPORATION SYSTEM
306 W MAIN ST
SUITE 512
FRANKFORT, KY 40601

**ROGER COLLIER**
(Individually and in his Capacity as Manager at Walmart Inc.)
Serve:
499 Highway 3406
Mayking, KY 41837-9004

**AND**

**UNKNOWN DEFENDANTS**                                          **DEFENDANTS**

(Being any other employees, agents, persons, entities, corporations or independent
contractors responsible for maintenance of the floor inside Walmart Super Store #1505
located at 254 Cassidy Blvd, Pikeville, KY 41501)
Serve: Via Warning Order Attorney

---

### INTERROGATORIES TO DEFENDANT, WALMART INC.

---

Comes now the Plaintiff, by counsel, pursuant to CR 33, and propounds the

following Interrogatories to be answered under oath and in writing by the Defendant,

WALMART INC., said answers to be served on Plaintiff's counsel within thirty (30)

days from the date of service, and as otherwise required by the Kentucky Rules of Civil

Procedure.

1

## INSTRUCTIONS

These Interrogatories are addressed to the Defendant, namely WALMART INC., as a party to this action; these Interrogatories shall be answered by an authorized representative/s (including counsel) for WALMART, INC.; the Answers to these Interrogatories shall be based upon information known to or in the possession, custody or control of WALMART INC. FORMALLY KNOWN AS WALMART STORES, INC., its attorney, its answering agent or other representative acting on its behalf whether in preparation for litigation or otherwise; these Interrogatories must be answered completely and specifically in writing and must be verified; these Interrogatories are deemed to be continuing so as to require the filing of Supplemental Answers promptly in the event Defendant/s or its representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous.

## INTERROGATORIES

1. Identify, by name, title, residence and business address(es) (if employed by defendant, so state, as well as in what capacity) the following individuals:

(a) All persons known to defendant (or known to any person acting on behalf of the defendant) who actually witnessed all or any part of the accident;

(b) All persons known to defendant (or known to any person acting on behalf of the defendant) who were working or present at or near the scene at the time of the accident;

(c) All persons who last examined or inspected the place where the accident occurred, prior to the accident;

(d) All persons who first examined or inspected the place where the accident occurred, subsequent to the accident;

(e) As to Statements obtained by or on behalf of defendant, or any other Statements known or believed by defendant to have been obtained from any of the persons identified in (a),(b),(c), and/or (d) above, identify all persons providing such Statements; whether the said Statements were written or oral, and identify all persons in possession, custody

2

and/or control of such Statements.

**ANSWER:**

2. Except as set forth in 1 above, identify, by name, title, residence and business address(es) and their employers, all persons, including potential expert witnesses (and their field of expertise), from whom defendant or anyone acting on defendant's behalf has obtained any information as to how the accident happened, the cause of the accident or alleged resulting injuries.

**ANSWER:**

3. Did defendant, or anyone acting on behalf of the defendant, receive any reports or complaints (including but not limited to lawsuits) from any source during the five (5) years prior to the accident, concerning the conditions of the floor at the store where the accident occurred? If so, state:

(a) When:

(b) From whom received:

(c) The nature of each such report or complaint:

(d) Any action(s) taken by defendant in response thereto:

(e) The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

**ANSWER:**

4. After the accident complained of herein, were any actions taken by any person (if employed by defendant, so state, as well as in what capacity) to repair, change or clean the place at which this slip and fall occurred? If so, state when said repairs, changes or cleaning were made, the type of repairs, changes or cleaning performed, and identify who made such repairs, changes, or cleaning, as well as whose decision it was to initiate the repairs or changes.

**ANSWER:**

5. At the time of the accident, was the floor at the store where the accident occurred possessed, controlled, maintained and cleaned by the defendant(s) answering these Interrogatories? If yes, please identify the name of the employees and or agents who were responsible for maintaining and cleaning the floor on the date this accident occurred and the day preceeding, by identifying the name, title, and residence of those responsible for performing said maintenance upon said premises and by identifying the logs or records regarding said maintenance, (if any). If no, please identify who did possess, control·

3

and/or maintain the premises, whether in whole or in part, by identifying the name, title, residence and business address(es) of the entity or person(s) who last possesses, controlled, maintained and/or cleaned the premises where the slip and fall occurred.

**ANSWER:**

6. Are the premises where the accident occurred owned, rented or leased by the defendant(s). If rented or leased, please state:

(a) From whom said premises are rented or leased; and

(b) The effective dates of said lease:

**ANSWER:**

7. Were any signs, barriers or other warning devices at or near the scene of the alleged accident warning the plaintiff or other patrons of any conditions existing thereon? If so, state:

(a) When said warnings were placed at the scene and by whom;

(b) Describe exactly what the warning was and the exact dimensions of said warning; and

(c) The exact location of said warning.

**ANSWER:**

8. State whether or not the defendant(s) (or anyone acting on behalf of the defendant(s)) are in the possession, custody and/or control of or know of the existence of any video, photographs, sketches, reproductions, charts, maps or diagrams of the scene of the accident, and if so, state:

(a) The date(s) they were taken or made:

(b) The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them:

(c) The subject or object of the particular site or view of each of them.

**ANSWER:**
9. Please state whether the defendant/s (answering these Interrogatories) is/are correctly named on the face of the Complaint filed by the Plaintiff in this action? If not, please provide the correct name/s for purposes of litigation.

**ANSWER:**

4

10.  Identify, by name, title, residence and business address(es) (if employed by defendant, so state, as well as in what capacity) the following individuals:

  (a) All persons employed by the Defendant at the WALMART store located in Pikeville, Kentucky on the date this accident occurred;

  (b) All employees working at the WALMART store located in Pikeville, Kentucky on the date this accident occurred;

  (c) All persons currently employed by the Defendant at the WALMART Store located in Pikeville, Kentucky;

**ANSWER:**

11.  Was/were defendant(s) insured by any carrier for liability and/or excess (i.e. "umbrella") benefits applicable to Plaintiff's accident or by way of which the Plaintiff may collect money damages awarded (if any) at a trial of this matter? If so, identify by name and address the insurance carrier and the exact name of the insured and the amount of applicable liability insurance benefits. If self-insured, for all or any monetary part of a liability claim, so state (including the limits).

**ANSWER:**

12.  Was any videotaping performed on the day of this accident at the location where the accident occurred? If so, was there any type of log, record, compilation or other documentation of the videotaping performed; identify by name, title, residence and business address of the person who is charged with the care, custody, possession and/or control of the recording(s).

**ANSWER:**

13. If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (i.e. accident reconstructionists), whom you intend to have testify at trial on your behalf on any matter pertaining to this action, state:

(a) The name of the expert;

(b) The expert's professional address;

(c) The expert's occupation;

(d) The expert's specialty;

(e) The expert's qualifications (i.e. Curriculum Vitae);

(f) The topic or subject matter upon which expert is expected to testify;

5

(g) The substance of the facts to which the expert is expected to testify;

(h) The substance of the opinion to which the expert is expected to testify;

(i) A summary of the grounds for each opinion the expert is expected to testify.

ANSWER:

14. Please identify and state with specificity each and every exhibit which you intend to use in the trial of this action, as well as each and every demonstrative which you intend to use for illustrative purposes.

ANSWER:

15. If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s), state:

(a) By whom (name and address of company and individual);

(b) The date(s) of such surveillance;

(c) The time(s) of such surveillance;

(d) The location(s) of such surveillance;

(e) The method by which such surveillance was made;

(f) A summary of what such surveillance reveals.

ANSWER:

16. At the time of the alleged accident or immediately thereafter, did you (or your agent(s), servant(s), worker(s) and/or employee(s)) have any conversation(s) with or make any statement(s), whether verbal, written or recorded, to any of the parties or witnesses, or did any of them make any statement(s), whether verbal, written or recorded, to you or in your presence? If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it occurred.

ANSWER:

17. Identify any healthcare professionals' records in the possession, custody and/or control of the Defendant.

ANSWER:

6

18. Was any written or oral report made or prepared by agents of WALMART Store located in Pikeville, Kentucky concerning the events that occurred on the date of this accident and the concerning the facts upon which the allegations of the above styled action is based. If so, was that report signed by the Plaintiff?

ANSWER:

19. Identify (by full name, employer, employment title and employment address) each and every individual participating in the answering of these interrogatories.

ANSWER:

The undersigned person herewith states under oath that the above foregoing answers to interrogatories are true, complete and accurate and that same have been signed and dated on the _____ day of _____, 2018.

BY: _____

ITS: _____

KIRK LAW FIRM
128 Shopper's Path
Prestonsburg, KY 41653
(606) 886-9494
(606) 886-1411

_____
Ashley Tackett Laferty
Matt Runyon

## CERTIFICATE OF SERVICE:

This is to hereby certify that a true and correct copy of the foregoing was filed with the Pike Circuit Clerk, to be served upon the above named Defendants along with a Complaint, on this is the 21st day of February, 2018:

_____
Ashley Tackett Laferty
Matt Runyon

7

LYDIA THORNSBURY                                          **PLAINTIFF**

VS.

WALMART INC.
Serve: Registered Agent
C T CORPORATION SYSTEM
306 W MAIN ST
SUITE 512
FRANKFORT, KY 40601

ROGER COLLIER
(Individually and in his Capacity as Manager at Walmart Inc.)
Serve:
499 Highway 3406
Mayking, KY 41837-9004

AND

UNKNOWN DEFENDANTS                                        **DEFENDANTS**

(Being any other employees, agents, persons, entities, corporations or independent
contractors responsible for maintenance of the floor inside Walmart Super Store #1505
located at 254 Cassidy Blvd, Pikeville, KY 41501)
Serve: Via Warning Order Attorney

---

## PLAINTIFFS REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANT WALMART INC.

---

Comes now the Plaintiff, by counsel, and pursuant to the Kentucky Rule of Civil

Procedure 34, propounds the following Requests for Production to be answered under

oath and in writing by Defendant WALMART INC., and said answers and documents

are to be served on Plaintiff's counsel, within thirty (30) days from the date of service.

8

## DEFINITIONS

The term "document" shall mean any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including but not limited to, letters, purchase orders, memoranda, telegrams, notes, contracts, catalogs, inter-office communications, statements, announcements, photographs, videos, mechanical and sound recordings, motion pictures, entries in the books of accounting or financial records and any carbon, photographic, or photostatic copies of any such materials, if you do not have custody of the original.

If any "document" to be produced was, but is no longer in, your possession or control or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; (d) otherwise disposed of stating the circumstances surrounding the authorization for such disposition and state the approximate date thereof.

The terms "you" and "your" shall mean not only defendant/s WALMART INC., but shall also include every other individual, who, (because acting as your representative), can be required by you to furnish information, including any person acting on your behalf as your representative in an investigation or preparation of this action.

## REQUESTS FOR PRODUCTION

1. Provide identical copies of any and all written or oral or otherwise recorded statements that were transcribed or otherwise recorded and relating to the incident complained of in the above styled action.

ANSWER:

2. Provide identical copies of any and all written or oral or otherwise recorded statements provided by the Plaintiff, or verified by the Plaintiff's signature, that

9

were transcribed or otherwise recorded and relating to the incident complained of in the above styled action.

ANSWER:

3. Provide identical copies of any and all photographs, videos or other visual and audio recordings of the inside premises at WALMART on the date that this slip and fall occurred.

ANSWER:

4. Provide a full and complete copy of any investigative file or other documents that are not otherwise privileged relating to the event underlying this cause of action.

ANSWER:

5. Provide any and all reports or other documents relative to any inspections or complaints (including lawsuits) regarding the condition of the floor at WALMART between January 1, 2017, to present, including the date on which the slip and fall complained of herein occurred.

ANSWER:

6. Provide copies of any and all documents or other items relating to the ownership, rental or leasing of the premises at WALMART at the time of the slip and fall complained of by way of the above styled action.

ANSWER:

7. Provide copies of any and all contracts or other documents relating to any other persons, entities, corporations or independent contractors responsible in whole or in part for the maintenance and cleaning of the floor at WALMART at the time of the slip and fall complained of by way of the above styled action.

ANSWER:

8. Provide certified copies of any and all insurance policies, (including limits, terms, declaration sheets) in effect at the time this slip and fall occurred which may be available to provide coverage, payments, or other funding for any liability and or judgments obtained on behalf of the Plaintiff with regard to the claims asserted by way of the above styled action.

ANSWER:

10

9. Provide copies of any and all maintenance logs relating to the floor at WALMART beginning January 1, 2017 to present date, including but not limited to those maintained on the date this slip and fall occurred.

ANSWER:

10. Provide copies of any/all documentation and or other report prepared as a result of or relating to the accident complained of herein or otherwise prepared on the date this slip and fall occurred.

ANSWER:

11. Any photographs, visual or audio recordings, reports, demonstrative evidence or tangible exhibits which the defendant intends to introduce at the trial of this matter.

ANSWER:

12. Produce any and all documentation provided to employees of the Defendant/s containing store policies and procedures, including but not limited to employee handbooks.

ANSWER:

13. Produce any and all documentation provided to employees of the Defendant/s containing store policies and procedures as to the maintenance of the floors at WALMART, including but not limited to employee handbooks.

ANSWER:

14. Produce documents providing the names, title and last known contact information of each and every person employed at the WALMART store located in Pikeville, Kentucky, on the date of the accident which is the subject of this complaint.

ANSWER:

15. Produce documents providing the names, title and last known contact information of each and every person working at the WALMART store located in Pikeville, Kentucky, on the date of the accident which is the subject of this complaint.

ANSWER:

16. Produce documents providing the names, title and last known contact information contact information for each and every person currently employed at the WALMART store located in Pikeville, Kentucky.

**ANSWER:**

The undersigned person herewith states under oath that the above foregoing answers to request for production are true, complete, and accurate and that same have been signed and dated on the _____ day of _____, 2018.

BY: _____

ITS: _____

KIRK LAW FIRM
128 Shopper's Path
Prestonsburg, KY 41653
(606) 886-9494
(606) 886-1411

_____
Ashley Tackett Laferty
Matt Runyon

**CERTIFICATE OF SERVICE:**

This is to hereby certify that a true and correct copy of the foregoing was filed with the Pike Circuit Clerk, to be served upon the above named Defendants along with a Complaint, on this is the 26th day of February, 2018:

_____
Ashley Tackett Laferty
Matt Runyon

156906I1-8348-41A4-B41A-BC90B209294B : 000001 of 000005

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266
*Electronically Filed*

LYDIA THORNSBURY                                                              PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                                   DEFENDANTS

### ANSWER OF DEFENDANTS WALMART INC. AND ROGER COLLIER

Defendants, Walmart Inc. (incorrectly named and served) and Roger Collier, hereinafter collectively referred to as "Walmart," by and through counsel, for their Answer to the Plaintiff's Complaint, hereby state as follows:

### FIRST DEFENSE

Subject to what discovery may reveal, the Complaint fails, in whole or in part, to state a claim upon which relief can be granted and should, therefore, be dismissed in its entirety with prejudice.

### SECOND DEFENSE

Subject to what discovery may reveal, Walmart states that at the time and on the occasion described in the Complaint, the Plaintiff was guilty of negligence or fault, which was a substantial factor in causing and bringing about the incident in controversy and alleged damages; and that but for the comparative negligence and fault on the part of the Plaintiff, the incident would not have occurred and damages, if any, would not have been sustained. Walmart relies upon the negligence and fault of the Plaintiff as a partial and/or complete bar to any recovery herein and requests an apportionment instruction at the trial of this matter pursuant to KRS 411.182.

ANS : 000001 of 000005

### THIRD DEFENSE

Walmart states that the incident in controversy and alleged damages, if any, may have been caused and brought about by and were the proximate result of a superseding and intervening negligent act, or negligent failure to act, on the part of someone other than Walmart and that but for this superseding and intervening cause, the incident and any alleged damages, if any, would not have been sustained. Walmart relies upon this superseding and intervening act as a partial and/or complete bar to any recovery herein.

### FOURTH DEFENSE

Walmart states that the Plaintiff may have failed to mitigate damages, if any, and relies upon this failure as a partial and/or complete bar to recovery herein.

### FIFTH DEFENSE

Walmart pleads any and all affirmative defenses set forth in Rules 8.03 and 12 of the Kentucky Rules of Civil Procedure as if set forth at length herein and specifically states that Plaintiff's claim may be barred by the statute of limitations and lack of jurisdiction and venue.

### SIXTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused and brought about by and were the proximate result of a pre-existing condition, which condition existed prior to the date of the incident, and said pre-existing condition is either the proximate cause of the Plaintiff's injuries and damages or contributing cause of said injuries and damages; and but for said pre-existing condition, Plaintiff's injuries and damages would not and could not have occurred, or in the alternative, would not and could not have been as extensive as alleged in the Plaintiff's Cause of Action against Walmart herein. Walmart hereby relies upon

1569061B-8348-41A4-B41A-BC90B209294B : 000002 of 000005

ANS : 000002 of 000005

2

said negligence and/or fault of the Plaintiff as a complete bar to any recovery by the Plaintiff on the Complaint herein.

## SEVENTH DEFENSE

The Complaint demands relief, including attorney fees and pre-judgment interest, that is not recoverable under Kentucky law and Walmart raises this as an affirmative defense.

## EIGHTH DEFENSE

To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

## NINTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff and/or third persons or entities other than Walmart for which Walmart has no liability, responsibility, direction or control and Plaintiff's claims are, therefore, barred or reduced in proportion to the fault attributable to persons or entities other than Walmart.

## TENTH DEFENSE

Walmart reserves the right to supplement this Answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

## ELEVENTH DEFENSE

1569061B-8348-41A4-B41A-BC90B209294B : 000003 of 000005

ANS : 000003 of 000005

In response to numerical paragraphs, Walmart states:

1.      Walmart is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraphs 1, 8, 9, 11, and 13 of Plaintiff's Complaint and, therefore, denies same.

2.      Walmart admits the allegations contained in numerical paragraphs 2, 3, and 4 Plaintiff's Complaint.

3.      Walmart denies the allegations contained in paragraphs 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 29, 30, 32, and 33 of Plaintiff's Complaint.

4.      In response to the allegations contained in numerical paragraphs 6 and 7, Walmart admits that Defendant Roger Collier is a citizen and resident of Letcher County and is subject to service at the stated address. However, Walmart denies that Defendant Roger Collier is properly referred to as "Walmart Manager."

5.      In response to numerical paragraphs 10, 12, 23, 28, and 31 of the Plaintiff's Complaint, Walmart hereby incorporates by reference as if fully set forth herein its responses to all preceding paragraphs.

6.      Walmart denies each and every allegation of Plaintiff's Complaint not specifically admitted.

WHEREFORE, Defendants, Walmart Inc. and Roger Collier, demand as follows:

1.      Plaintiff's Complaint be dismissed with prejudice;

2.      Fault be apportioned pursuant to KRS 411.182;

3.      For their costs herein expended;

4.      Trial by jury on all issues so triable; and

5.      For any and all other relief to which they may be entitled.

4

156906I1B-8348-41A4-B41A-BC90B209294B : 000004 of 000005

ANS : 000004 of 000005

Respectfully submitted,

/s/ *Jennifer Kincaid Adams*
Jennifer Kincaid Adams
Blackburn Domene & Burchett, PLLC
614 W. Main Street, Suite 3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9971
jadams@bdblawky.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on this the 13th day of March, 2018. Electronic filers will receive service by CourtNet. A copy will be mailed to current non-filers.

Hon. Ashley Tackett Laferty
Hon. Matt Runyon
Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY 41653
*Counsel for Plaintiff*

/s/ *Jennifer Kincaid Adams*
*Counsel for Defendants*

1569061B-8348-41A4-B41A-BC90B209294B : 000005 of 000005

ANS : 000005 of 000005

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266
*Electronically Filed*

LYDIA THORNSBURY                                                               PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                               DEFENDANTS

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Please enter my appearance as counsel in this case for Defendants Walmart Inc. and Roger

Collier:

Jennifer Kincaid Adams
Blackburn, Domene & Burchett, PLLC
614 West Main Street, Suite 3000
Louisville, KY  40202
502-584-1600
502-584-9971 fax
jadams@bdblawky.com

I certify that I am admitted to practice in this Court.

Respectfully submitted,

/s/ *Jennifer Kincaid Adams*
Jennifer Kincaid Adams
Blackburn Domene & Burchett, PLLC
614 W. Main Street, Suite 3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9971
jadams@bdblawky.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

  It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on this the 13th day of March, 2018. Electronic filers will receive service by CourtNet. A copy will be mailed to current non-filers.

Hon. Ashley Tackett Laferty
Hon. Matt Runyon
Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY  41653
*Counsel for Plaintiff*

*/s/ Jennifer Kincaid Adams*
*Counsel for Defendants*

7DF9308F-B925-4F25-B736-496D00FBDDA4 : 000002 of 000002

EA : 000002 of 000002

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266
*Electronically Filed*

LYDIA THORNSBURY                                                    PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                              DEFENDANTS

## NOTICE OF SERVICE

Defendant, Walmart Inc. (incorrectly named and served), by and through counsel, hereby

gives Notice of Service of its First Set of Interrogatories and Request for Production of Documents

Propounded to Plaintiff by U.S. mail on March 13, 2018.

Respectfully submitted,

/s/ *Jennifer Kincaid Adams*
Jennifer Kincaid Adams
Blackburn Domene & Burchett, PLLC
614 W. Main Street, Suite 3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9971
jadams@bdblawky.com
*Counsel for Defendants*

0A04F36C-7D87-431E-A46C-6CB5BF3D6AF4 : 000001 of 000002

SON  : 000001 of 000002

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on this the 13th day of March, 2018. Electronic filers will receive service by CourtNet. A copy will be mailed to current non-filers.

Hon. Ashley Tackett Laferty
Hon. Matt Runyon
Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY  41653
*Counsel for Plaintiff*

/s/ Jennifer Kincaid Adams
*Counsel for Defendants*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266
*Electronically Filed*

LYDIA THORNSBURY                                                              PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                               DEFENDANTS

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Please enter my appearance as counsel in this case for Defendants Walmart Inc. and

Roger Collier:

    Thomas E. Stevens
    Blackburn, Domene & Burchett, PLLC
    614 West Main Street, Suite 3000
    Louisville, KY  40202
    502-584-1600
    502-584-9971 fax
    tstevens@bdblawky.com

I certify that I am admitted to practice in this Court.

                            Respectfully submitted,

                            /s/ *Thomas E. Stevens*
                            Jennifer Kincaid Adams
                            Thomas E. Stevens
                            Blackburn Domene & Burchett, PLLC
                            614 W. Main Street, Suite 3000
                            Louisville, KY  40202
                            Phone:  502-584-1600
                            Fax:  502-584-9971
                            jadams@bdblawky.com
                            tstevens@bdblawky.com
                            *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on this the 14th day of March, 2018. Electronic filers will receive service by CourtNet. A copy will be mailed to current non-filers.

Hon. Ashley Tackett Laferty
Hon. Matt Runyon
Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY  41653
*Counsel for Plaintiff*

/s/ Thomas E. Stevens_____
*Counsel for Defendants*

511E7587-7E2D-4F00-AEE2-3D9933FF7AA9 : 000002 of 000002

EA : 000002 of 000002

## COMMONWEALTH OF KENTUCKY
## PIKE CIRCUIT COURT
## CIVIL DIVISION II

---

### ACTION NO.:  18-CI-00266

**LYDIA THORNSBURY**                                                     **PLAINTIFF**

**vs.**

**WALMART, INC., et al.**                                            **DEFENDANTS**

---

### REPORT OF WARNING ORDER ATTORNEY

1. Aaron R. Davis was appointed as the attorney for Defendant, **Unknown Defendants**, on February 26, 2018, as a result of a warning order entered upon the Complaint by the clerk of the Court.

2. I have made the following diligent efforts to inform the Defendant about the pendency and nature of the action against them:  Upon receiving notification of my appointment, I mailed a letter notifying Defendant of this action, enclosing copies of my Order of Appointment and the Complaint, to the last known address of Defendant, as well as any other addresses found as a result of diligent research, via United States Postal Service First Class Mail.

3. As a result of my efforts, I was unable to inform the Defendant about this action. After careful review of the Plaintiff's claim, I am unable to make a defense by answering the Complaint.


/s/ Aaron R. Davis
_____
Aaron R. Davis, Warning Order Attorney for Defendant
The Davis Firm, PLLC
165 Evergreen Lane
Pikeville, KY 41501
(606) 432-3641

66CF0B87-CEC0-4D10-BAA8-C3AD1664BE14 : 000002 of 000003

# COMMONWEALTH OF KENTUCKY
## PIKE CIRCUIT COURT
## CIVIL DIVISION II

---

### ACTION NO.:  18-CI-00266

**LYDIA THORNSBURY**                                                    **PLAINTIFF**

**vs.**

**WALMART, INC., et al.**                                               **DEFENDANTS**

---

### <ins>MOTION FOR FEES FOR WARNING ORDER ATTORNEY</ins>

Comes now Aaron R. Davis, Esq., Warning Order Attorney in the above-referenced matter, who was appointed for Defendant, **<ins>Unknown Defendants</ins>** on February 26, 2018, pursuant to a warning order entered upon the Complaint by the clerk of the Court, and moves the Court for payment of reasonable fees expended in regard to this matter.

Pursuant to Kentucky Rules of Civil Procedure Rule 4.07(6), "[t]he court shall allow the warning order attorney a reasonable fee for his services, to be taxed as costs." The fees for services rendered in the above-referenced matter are as follows:

Attorney Fee:                                    <ins>$100</ins>

Copying and/or Postage Fees:                     <ins>$8.04</ins>

***Total Fee for Warning Order Attorney***       **<ins>$108.04</ins>**
(Total of hourly fees, postage & copy fees.)

Dated:  <ins>April 26, 2018</ins>

Respectfully submitted,

/s/ Aaron R. Davis

_____

Aaron R. Davis
The Davis Firm, PLLC
Warning Order Attorney for Defendant

ATF : 000001 of 000001

66CF0B87-CEC0-4D10-BAA8-C3AD1664BE14 : 000003 of 000003

**COMMONWEALTH OF KENTUCKY**
**PIKE CIRCUIT COURT**
**CIVIL DIVISION II**

---

**ACTION NO.:  18-CI-00266**

**LYDIA THORNSBURY**                                                    **PLAINTIFF**

**vs.**

**WALMART, INC., et al.**                                              **DEFENDANTS**

---

**<u>ORDER</u>**

This cause coming before the Court on the Hon. Aaron R. Davis' Motion for Warning Order Attorney Fees to notify Defendant, **<u>Unknown Defendants</u>**, of the nature and pendency of the Action, and the Court having reviewed the record and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Hon. Aaron R. Davis' Motion for Warning Order Attorney Fees is GRANTED, and the Hon. Aaron R. Davis shall be paid attorney fees in the total amount of <u>$108.04</u> to be taxed as costs. These fees shall be paid within 30 days of this date.

ENTERED this ____ day of _____, 2018.


_____, Judge



# COMMONWEALTH OF KENTUCKY
## PIKE CIRCUIT COURT
### CIVIL DIVISION II

**ACTION NO.: 18-CI-00266**

LYDIA THORNSBURY                                        **PLAINTIFF**

**vs.**

WALMART, INC., et al.                                   **DEFENDANTS**

---

### ORDER

This cause coming before the Court on the Hon. Aaron R. Davis' Motion for Warning Order Attorney Fees to notify Defendant, **Unknown Defendants**, of the nature and pendency of the Action, and the Court having reviewed the record and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Hon. Aaron R. Davis' Motion for Warning Order Attorney Fees is GRANTED, and the Hon. Aaron R. Davis shall be paid attorney fees in the total amount of <u>$108.04</u> to be taxed as costs. These fees shall be paid within 30 days of this date.

ENTERED this 2nd day of May, 2018.

_____, Judge

TC : 000001 of 000001

**\*\*\* ELECTRONICALL FILED \*\*\***
**COMMONWEALTH OF KENTUCKY**
**PIKE CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO.: 18-CI-0266**

LYDIA THORNSBURY                                                    PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                        DEFENDANTS

---

**NOTICE OF SUBSTITUTION OF COUNSEL**

---

Comes now the Plaintiff, **Lydia Thornsbury**, and hereby notifies the Court, the Clerk of Court, the parties hereto, and their respective counsel that she has substituted Ashley Tackett Laferty of the Kirk Law Firm, 128 Shoppers Path, Prestonsburg, Kentucky 41653, phone: (606) 886-9494, facsimile: (606) 886-1411, email: ashley.laferty@kirklawfirm.net, as her attorney of record in place of David M. Runyon. All future pleadings, notices, correspondence, orders, filings, and other forms of oral or written communications in this action shall be directed to Ashley Tackett Laferty at the address above.

Respectfully Submitted:

/s/ D. Matthew Runyon
D. Matthew Runyon
KIRK LAW FIRM, PLLC
253 Main Street
Paintsville, KY 41240
T: 606-789-5060
F: 606-789-5001
Email: mrunyon@kirklawfirm.net

## CERTIFICATE OF SERVICE

I certify to mailing, via regular U.S. Mail, postage prepaid, a true and correct copy of the forgoing Notice of Substitution to:

Thomas Stevens, Esq.
Jennifer Kincaid Adams, Esq.
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY  40202

Original e-filed with:

Clerk of the Floyd Circuit Court
127 South Lake Drive
Prestonsburg, Kentucky 41653

This 3rd day of July, 2018.

/s/ D. Matthew Runyon
D. MATTHEW RUNYON

41FC7E2C-E510-4A4F-8CA4-B3B145F82233 : 000002 of 000002

NSCO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266
*Filed Electronically*

LYDIA THORNSBURY                                             PLANTIFF

V.

WALMART INC.,
ROGER COLLIER, and UNKNOWN DEFENDANTS                        DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORY

Comes now the Plaintiff, Lydia Thornsbury, by and through Counsel, and for her Response to Defendant's First Set of Requests for Admission and Interrogatory, Plaintiff states as follows:

**REQUEST NO. 1**: Please admit that you will not seek or accept damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter.

**RESPONSE**:  Denied. At this time medical treatment is still ongoing and Plaintiff has undergone a recent surgical procedure. The amount of certain damages, such as pain and suffering, future medical treatment, and mental anguish are not easy to quantify. At this time the Plaintiff can only respond to this request that her current medical expenses total approximately $30,000.00. The amount that Plaintiff will or will not accept as full compensation of all claims against the defendants in this matter is uncertain at this time. The Plaintiff will submit a demand for payment to the Defendants upon completion of medical treatment and/or discovery.

**REQUEST NO. 2**: Please admit that the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

**RESPONSE**: Denied. At this time medical treatment is still ongoing and Plaintiff has undergone a recent surgical procedure. The amount of certain damages, such as pain and suffering, future medical treatment, and mental anguish are not easy to quantify. At this time the Plaintiff can only respond to this request that her current medical expenses total approximately $30,000.00, not considering additional damages. The amount of controversy in this case cannot be determined at this time. Plaintiff will supplement this response as Plaintiff's treatment continues and a better understanding of future treatment and additional damages can be determined.

**INTERROGATORY NO.  29**: If Plaintiff's response to any of the above Requests for Admission is a denial or otherwise fails to unequivocally admit the request, please identify all facts and evidence supporting your response, including any documents, and specifically identify the total amount in controversy.

**ANSWER**: The amount of certain damages, such as pain and suffering and mental anguish are not easy to quantify. However, because of Kentucky Civil Rule 8, as interpreted by **Fratzke v. Murphy, 12 S.W. 3d 269 (Ky. 1999),** holds that an injured person cannot recover any amount if an amount is not set forth in the Answer to this Interrogatory, the Plaintiff responds to this Interrogatory with estimated amounts. However, at this time the Plaintiff is only able to estimate these damages, subject to the right to amend. Therefore, at this time the amount sought for each element is as follows:

a.  Past pain and suffering: $100,000.00

b.  Medical Expenses. Plaintiff has not yet acquired a conclusive total of all his past expenses, and therefore, this response will be supplemented as necessary, but it is believed that Plaintiff's past medical expenses are approximately: $30,000.00

AEAEFD49-4257-42BF-8847-DFFC4D39C009 : 000002 of 000003

RRA : 000002 of 000003

c. Past lost wages, estimated: $0

d. Impairment to Earn, estimated: $0

e. Future pain and suffering: $100,000.00

f. Future Medical treatment, estimated: $50,000.00

Plaintiff will supplement this Interrogatory according to the KRCP 8 as additional

information becomes available.

Respectfully Submitted,

SHELLIE L. HAYES BAKER
*Co-Counsel for the Plaintiff*
**KIRK LAW FIRM, PLLC**
5055 NORTH MAYO TRAIL
PIKEVILLE, KY 41501
(606) 437-9234

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was electronically filed

with the Pike Circuit Court and duly mailed to the following:

Hon. Thomas Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202

This the 26th day of July, 2018

SHELLIE L. HAYES BAKER

AEAEFD49-4257-42BF-8847-DFFC4D39C009 : 000003 of 000003

RRA : 000003 of 000003

LYDIA THORNSBURY                                          PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                      DEFENDANTS

## DEFENDANT ROGER COLLIER'S
## MOTION TO DISMISS

Defendant, Roger Collier, by counsel, for his Motion to Dismiss Plaintiff's Complaint asserted against him, hereby states as follows:

Mr. Collier respectfully requests that the Court enter an order dismissing Plaintiff's claims asserted against him with prejudice. Plaintiff's Complaint fails to state a claim against Mr. Collier upon which relief can be granted. As discussed below, Mr. Collier was not store manager at Walmart Store #1505 on the date of Plaintiff's alleged incident and cannot be held liable in this case. Plaintiff has improperly asserted a claim against Mr. Collier in an attempt to obstruct Walmart Inc.'s statutory right of removal to federal court.

Contemporaneously herewith, Defendants have filed their Notice of Removal requesting that the U.S. District Court for the Eastern District of Kentucky, Southern Division at Pikeville, exercise jurisdiction over this case and dismiss Plaintiff's claims against Mr. Collier pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] In light of Defendants' removal of this matter to federal court, proposed orders for state court and federal court are attached hereto.

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000002 of 000036

## FACTUAL BACKGROUND

In her Complaint, Plaintiff alleges that she slipped and fell while shopping at Walmart Store #1505, 254 Cassidy Blvd., Pikeville, KY 41501 (hereinafter "Pikeville Walmart").[2] Plaintiff's incident allegedly occurred on or about February 26, 2017.[3] Plaintiff has averred that "lack of due care" on the part of Walmart and Mr. Collier caused her incident to occur.[4]

Mr. Collier has no responsibility for Plaintiff's alleged incident. Mr. Collier is currently employed as store manager at Pikeville Walmart.[5] His employment as store manager at Pikeville Walmart began in August of 2017.[6] In February of 2017, Mr. Collier was not store manager at Pikeville Walmart; he was employed as store manager at Walmart Store #2610, 77 Norman Morgan Blvd., Logan, West Virginia 25601.[7] On the date of Plaintiff's alleged incident, February 26, 2017, Mr. Collier was not employed at Pikeville Walmart in any capacity.[8] Mr. Collier had no responsibility for Pikeville Walmart or its maintenance on the date of Plaintiff's alleged incident.[9]

On or about February 26, 2018, Plaintiff filed her Complaint in the Pike County Circuit Court. The amount in controversy was not stated in Plaintiff's Complaint. On March 13, 2018, Defendants, Walmart and Mr. Collier, timely answered and Walmart propounded written discovery requests to Plaintiff. To date, Plaintiff has not provided responses to those discovery requests. On July 6, 2018, Walmart propounded its First Set of Requests for Admission to

---

[2] Plaintiff's Complaint, ¶¶ 13, 18.
[3] Plaintiff's Complaint, ¶ 13.
[4] Plaintiff's Complaint, ¶ 27.
[5] Affidavit of Roger Collier, ¶ 1, which is attached as **Exhibit 1**.
[6] Exhibit 1, Affidavit of Roger Collier, ¶ 2.
[7] Exhibit 1, Affidavit of Roger Collier, ¶ 3.
[8] Exhibit 1, Affidavit of Roger Collier, ¶ 4.
[9] Exhibit 1, Affidavit of Roger Collier, ¶ 4. Even if Mr. Collier had been employed at Pikeville Walmart on the date of the incident, Defendants maintain that Plaintiff would have no colorable claim against him relating to this alleged slip and fall accident.

Plaintiff. On July 26, 2018, Plaintiff responded to Walmart's Request for Admission and itemized damages of at least $280,000.00, which satisfies the amount in controversy requirements for removal to federal court.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim against Mr. Collier upon which relief can be granted and, therefore, Mr. Collier is entitled to dismissal of Plaintiff's Complaint against him. When evaluating a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[10] When the issue of fraudulent joinder has been raised, district courts are permitted to "pierce the pleading" to consider summary judgment evidence, such as affidavits presented by the parties, to determine if there are "undisputed facts that negate the claim" against the non-diverse defendant.[11]

To establish a claim for negligence, a plaintiff must demonstrate: (1) the existence of a legal duty that requires the defendant to conform to a certain standard of conduct; (2) the defendant's failure to conform to that standard; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage.[12] Whether a duty exists is a question of law to be decided by the court.[13] As a general matter, when the public is invited to visit a property, the owner of the property has a duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn invitees of dangers that are latent, unknown, or not obvious.[14] Kentucky law does not impose liability on store managers or corporate

---

[10] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[11] Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012).
[12] Pennington v. Dollar Tree Stores, Inc., 28 Fed. Appx. 482, 489 (6th Cir. 2002) citing Radcliff Homes, Inc. v. Jackson, 766 S.W.2d 63, 68 (Ky. App. 1989).
[13] Coyler v. Speedway, LLC, 981 F.Supp.2d 634, 639 (E.D. Ky. 2013).
[14] Id. citing Lucas v. Gateway Community Services Organization, 343 S.W.3d 341, 343 (Ky. App. 2003).

employees beyond their own negligence or conduct.[15] Courts in other jurisdictions have reached similar conclusions with respect to store manager liability for customer accidents.[16]

In this case, Plaintiff's alleged incident was not the result of any act or omission of Mr. Collier. It is undisputed that Mr. Collier was not employed at Pikeville Walmart on the date of Plaintiff's accident; he was employed at a store in West Virginia and had no responsibility for Pikeville Walmart or its maintenance on February 26, 2017.[17] This undisputed evidence negates any possible claim that Plaintiff could have against Mr. Collier.

As a matter of law, Mr. Collier is not responsible for Plaintiff's alleged slip and fall.[18] He had no duty to prevent the accident from occurring and his management of a totally separate store in West Virginia could not have caused Plaintiff to fall. Plaintiff indiscriminately sued Mr. Collier – not because of any allegedly tortious conduct on his part – but as subterfuge to obstruct

---

[15] *See* <u>Simmerman v. Ace Bayou Corporation</u>, 2014 WL 6633129 at *3 (E.D.Ky. 2014) (wherein Judge Reeves dismissed the negligence claims asserted against a Walmart store manager who had been fraudulently joined to the plaintiff's personal injury lawsuit), which is attached as **Exhibit 2**; *see also* <u>Couch v. Purdue Phama, L.P.</u>, 2002 WL 32097529 at *2, (wherein Judge Reeves held that the plaintiff could not establish liability as to a pharmaceutical company's employee, since there was no allegation that he had supplied the drugs to the decedent or otherwise made contact within him), which is attached as **Exhibit 3**; *see also* <u>Lorson v. Wal-Mart Stores, Inc.</u>, 2005 WL 1287421 at *2 (W.D.Ky. 2005) (wherein Judge Russell dismissed the contract-based claims that the plaintiff made against Walmart's co-manager "since any contract would be between [p]laintiff and Wal-Mart only"), which is attached as **Exhibit 4**; *See also* <u>Grubb v. Smith</u>, 523 S.W.3d 409, 427 (Ky. 2017) (wherein Justice Hughes opined that the trial court had erred in finding liable a convenience store manager who had not been on duty when the plaintiff's trip and fall incident occurred and lacked substantial control over the injury-causing object or condition).

[16] As Justice Hughes noted in <u>Grubb</u>, "Kentucky precedent in this area is sparse." <u>Id.</u> at 425. But courts in other jurisdictions have addressed store manager liability in similar cases and have found that such claims are untenable. *See* <u>McConnell v. Funk</u>, 2010 WL 4736257 at *3 (S.D. Miss. 2010) (wherein the district court found that the Walmart store manager – who was not working on the date of the plaintiff's slip and fall incident and had no involvement with it – had been fraudulently joined and should be dismissed), which is attached as **Exhibit 5**; *see also* <u>Duncan v. Wal-Mart Stores, Inc.</u>, 2013 WL 6198308 at *6 (S.D. Ohio 2013) (wherein the district court concluded that the Walmart store manager could not be held personally liable for the plaintiff's slip and fall and had been named as a defendant "as a means to defeat subject matter jurisdiction"), which is attached as **Exhibit 6**; *see also* <u>Carino v. Wal-Mart Louisiana, LLC</u>, 2006 WL 335784 at *3 (W.D.La. 2006) (wherein the district court held that the plaintiff – who was bitten by a snake in Walmart's lawn and garden department – could not maintain a claim against the store manager), which is attached as **Exhibit 7**; *see also* <u>Solis v. Wal-Mart Stores East, L.P.</u>, 617 F.Supp.2d 476 (S.D.Tex. 2008) (wherein the district court held that the plaintiff – who had slipped and fallen at Walmart – had no reasonable possibility of recovering against a department manager and could not maintain a claim against him).

[17] Exhibit 1, Affidavit of Roger Collier, ¶¶ 3-4.

[18] *See* <u>Simmerman</u>, 2014 WL 6633129 at *3; *see also* <u>Couch</u>, 2002 WL 32097529 at *2; *see also* <u>Grubb</u>, 523 S.W.3d at 427.

4

Walmart's statutory right to remove this matter to federal court. In light of the above, Plaintiff's Complaint fails to state a claim against Mr. Collier upon which relief can be granted and, therefore, he is entitled to dismissal with prejudice.

WHEREFORE, Defendant, Roger Collier, respectfully requests that the Court enter an order granting his Motion to Dismiss.

Respectfully submitted,

/s/ Thomas E. Stevens_____
Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, Suite 3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9971
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendants*
*Walmart Inc. and Roger Collier*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following via regular U.S. Mail, postage pre-paid, on this the 21st day of August, 2018:

Hon. Ashley Tackett Laferty
Hon. Shellie L. Hayes
Kirk Law Firm
128 Shoppers Path
Prestonsburg, KY 41653
*Counsel for Plaintiff*

/s/ Thomas E. Stevens_____
*Counsel for Defendants*
*Walmart Inc. and Roger Collier*

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000005 of 000036

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000006 of 000036

# EXHIBIT 1

# AFFIDAVIT OF ROGER COLLIER

\* \* \* \* \* \* \*

The Affiant, Roger Collier, after first being duly sworn, and upon his personal knowledge hereby states as follows:

1.  I am currently employed as the Store Manager at Walmart Store #1505, 254 Cassidy Blvd., Pikeville, Kentucky 41501.

2.  I have been the Store Manager at Store #1505 since August of 2017.

3.  In February of 2017, I was Store Manager at Walmart Store #2610, 77 Norman Morgan Blvd., Logan, West Virginia 25601.

4.  On the date of Plaintiff Lydia Thornsbury's alleged incident, February 26, 2017, I was not employed at Store #1505 in any capacity. I had no responsibility for maintaining Walmart Store #1505 on the date of Plaintiff's alleged incident.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
ROGER COLLIER

STATE OF KENTUCKY      )
                       ) SS:
COUNTY OF Floyd        )

Subscribed and sworn to before me by ROGER COLLIER this 15th day of August, 2018.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission Expires: 10/14/19      Notary ID: 543840

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000007 of 000036

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000008 of 000036

# EXHIBIT 2

2014 WL 6633129
Only the Westlaw citation is currently available.
United States District Court, E.D. Kentucky,
Central Division, at Lexington.

Andrew SIMMERMAN, Individually
and as Administrator of Estate of
MKS (a minor), et al., Plaintiffs,
v.
ACE BAYOU CORPORATION, et al., Defendants.

Civil Action No. 5:14–382–DCR.
|
Signed Nov. 21, 2014.

**Attorneys and Law Firms**

Christopher L. Thacker, John Nathan Billings, Billings Law Firm PLLC, David J. Guarnieri, Douglas T. Logsdon, Jaron P. Blandford, McBrayer, McGinnis, Leslie & Kirkland, PLLC, Lexington, KY, for Plaintiff.

Barbara A. Kriz, Kriz, Jenkins, Prewitt & Jones, PSC, Lexington, KY, for Defendants.

## MEMORANDUM OPINION AND ORDER

DANNY C. REEVES, District Judge.

 **\*1** This matter is pending for consideration of Defendant Teresa Spears' motion to dismiss [Record No. 8] and Plaintiffs Andrew Simmerman and Terri Mills' motion to remand [Record No. 16]. Because the Court concludes that Defendant Spears was fraudulently joined as a defendant to this proceeding, the plaintiffs' motion to remand will be denied while the motion to dismiss will be granted.

## I.

This action arises out of the tragic death of three-year-old MKS after the child became enclosed in a purple bean-bag chair on September 12, 2012. [Record No. 16, pp. 2–3] The Complaint alleges that the defective chair was designed, manufactured, and sold by Ace Bayou through Wal–Mart Supercenter Store Number 1675 in Lebanon, Kentucky. [Record No. 1–1].

The plaintiffs originally filed suit in the Fayette Circuit Court, seeking damages under theories of negligence, strict liability, breach of implied warranties, outrageous conduct, and loss of consortium. [Record No. 1–1] All of the plaintiffs are citizens of Kentucky. Witht he exception of Defendant Spears, all other defendants have diverse citizenship. [1]

On September 30, 2014, the defendants removed the action to this Court. [Record No. 1–2] Although they acknowledge that Spears' status as a Kentucky citizen would normally destroy diversity jurisdiction, the defendants argue that Spears' citizenship may be disregarded because she has been fraudulently joined in an effort to defeat diversity. [Record Nos. 1–2, 19] Defendant Spears has filed a motion to dismiss the claims against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Record No. 18] However, the plaintiffs argue that an actionable claim has been asserted against Spears and, as a result, the case should be remanded to Fayette Circuit Court. [Record No. 15].

## II.

### A. Fraudulent Joinder Standard

A case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). For this Court to have jurisdiction under 28 U.S.C. § 1332, there must be complete diversity among the parties—"that is, that no party shares citizenship with any opposing party." *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir.2000).

An exception to the complete-diversity requirement arises where a non-diverse defendant has been fraudulently joined. *See Caudill,* 200 F.3d at 916. ("[The Sixth Circuit] has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity

grounds."). A case need not be remanded as the result of fraudulent joinder if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law. *Coyne,* 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994)). Although the plaintiff's actual motive is irrelevant to a fraudulent joinder inquiry, *Jerome–Duncan, Inc. v. Auto–By–Tel Mktg. Corp.,* 176 F.3d 904, 907 (6th Cir.1999), if "the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal ." *Smith v. SmithKline Beecham Corp.,* 2011 US. Dist. LEXIS 75951, at *14, 2011 WL 2731262 (E.D.Ky. July 13, 2011) (citation and internal quotation marks omitted). *See Saltire Industrial Inc. v. Waller, Lansden, Dortch, & Davis, PLLC,* 491 F.3d 522, 530 (6th Cir.2007).

**\*2** In cases of fraudulent joinder, the Court "must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the nonmoving party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne,* 183 F.3d at 493 (internal quotation marks omitted). If a determination cannot be made from the face of the Complaint, the Court may "pierce[ ] the pleadings to consider summary-judgment-type evidence." *Walker v. Phillip Morris USA, Inc.,* 443 F. App'x 946, 953 (6th. Cir.2011) (internal quotation marks omitted). However, the Court must be careful not to "step[ ] from the threshold jurisdictional issue [of fraudulent joinder] into a decision on the merits." *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 112 (3d Cir.2011). As a result, the removing party bears the "heavy" burden of establishing fraudulent joinder. *Walker,* 443 F. App'x at 953; *Alexander,* 13 F.3d at 949.

### B. 12(b)(6) Standard

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(citing *Twombly,* 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.,* 922 F.2d 328, 330 (6th Cir.1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP,* 601 F.Supp.2d 991, 997 (W.D.Tenn. Mar.10, 2009).

### III.

**\*3** The plaintiffs argue that this case should be remanded to Fayette Circuit Court because the defendants have failed to prove the fraudulent joinder of Defendant Spears. As it pertains to Spears, the Complaint alleges:

> 23. Upon information and belief, Defendant Teresa Spears was individually involved in, or through the exercise of reasonable care should have been involved in, oversight, direction, supervision, and management of, and/or direct participation

in, the design, manufacture, assembly, production, packaging, repackaging, distribution, inspection, marketing, selling and/ or retailing of the subject defective bean bag, and had a duty to use reasonable care in her performance of such functions.

[Record No. 1–1, p. 5] The plaintiffs have offered nothing beyond the speculation of paragraph 23 to indicate that Spears had any direct or indirect involvement in the manufacture of the allegedly defective chair or its selection for sale at the store she managed. Further, the plaintiffs concede that MKS's grandparents, rather than the plaintiffs, were the purchasers of the bean-bag chair. [Record No. 16, p. 2] The Complaint does not allege that Spears was present on the day the product was purchased or that she had any contact with the grandparents or plaintiffs at any time.

Likewise, the plaintiffs do not cite to any Kentucky authority that extends product liability from retailers to their employees. To the contrary, Kentucky law does not impose liability on store managers beyond their own tortious actions. *See Smith v. Grubb,* 2014 Ky.App. LEXIS 157, 2014 WL 4782937 (Ky.App.2014) (store's liability in personal injury suit did not extend to store manager). *See also Couch v. Purdue Pharma, L.P.,* No. 07–370–DCR, 2002 WL 32097529, at *1–2 (E.D.Ky. Jan.31, 2001); *see also Salisbury v. Purdue Pharmacy, 166 F.Supp.2d 546 (E.D.Ky.2001)* (fraudulent joinder existed where the plaintiff's complaint omitted any averment to the effect that the defendant pharmacies sold or supplied the product to the plaintiff). The Complaint in the instant case falls short of such allegations.

In assessing claims of fraudulent joinder, the potential for legal liability "must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.1992). As noted above, it is proper for courts to pierce the pleadings and consider summary-judgment-type evidence in determining the validity of the plaintiff's joinder of a non-diverse defendant. *See Casias v. Wal–Mart Stores, Inc.,* 694 F.3d 428, 433 (6th Cir.2012). Here, Spears has submitted an affidavit denying that she was personally involved in the oversight, direction, supervision, or management of the allegedly defective bean-bag chair. [Record No. 8–1] The plaintiffs have not countered these

averments with any evidence to the contrary. Therefore, the plaintiffs have failed to assert a colorable claim for liability against Spears.

Although the plaintiffs rely on *Jones v. Abbott Laboratories,* 2012 WL 32581 (W.D.Ky.2012), to support a claim of negligence against a retailer-manager, such reliance is misplaced. In *Jones,* the plaintiffs sued the manufacturer, Abbott, and the distributor, Kroger, of baby formula allegedly containing beetle larva. They also joined the Kroger store manager in the suit. Unlike the present case, the formula product line had been recalled, and the store manager actively overrode a cash register block on the product to allow the plaintiffs to purchase the formula. *Id.* at *3. Here, the facts do not suggest that Defendant Spears personally sold a recalled product—or any product at all—to the plaintiffs. Without an allegation of a breach of a duty to the plaintiffs, the Complaint does not assert a colorable negligence claim against Spears.

**\*4** In further support of a finding of fraudulent joinder in this case, the defendants contend that the claims against Spears are not colorable under Kentucky's Middleman Statute. [Record No. 19, pp. 5–6] The statute provides:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340. This statute is intended to shield retailers from liability. *See Weixler v. Paris Co.,* 2003 U.S. Dist. LEXIS 444, 2003 WL 105503, *1 (W.D.Ky. Jan.2, 2003).

Here, the manufacturer, Ace Bayou, has been named as a defendant and is subject to the Court's jurisdiction based on the distribution of its product in Kentucky. The Complaint fails to allege that the condition of the bean-bag chair had been altered by Wal–Mart at the time it was purchased. Although the Complaint alleges that the defendants knew or should have known of the dangers associated with the product, this is insufficient to overcome the protections afforded by KRS 411.340. *See Conrad v. Sherwin Williams Co.,* 2012 U.S. Dist. LEXIS 154627, 2012 WL 3096318 (E.D.Ky.2012) (to overcome KRS 411.340, a plaintiff must allege, at the very least, more specific knowledge of dangerousness by the retailer); *Mason v. Excel,* 2011 U.S. Dist LEXIS 23835, 2011 WL 847449 (W.D.Ky.2011) (the plaintiff must state more than that the seller bore the same knowledge as the buyer or the seller had special knowledge of the dangerousness of the product). Thus, KRS 411.340 precludes the imposition of liability on Wal–Mart. Because Spears' liability derives from her employment with Wal–Mart, she also cannot be held liable under KRS 411.340. Thus, there is no reasonable basis for predicting that Kentucky state law would impose liability on Spears.

### IV.

In summary, the plaintiffs have failed to provide the Court with *any* evidence that Kentucky law imposes liability on a manager of a business to independently design, manufacture, assemble, produce, package, inspect, market, or sell products sold by her retailer-employer. The evidence before the Court demonstrates only that Spears was the manager of the Wal–Mart store responsible for selling the allegedly defective product. Based on the information presented to the Court, there exists no possibility that Kentucky law would recognize a claim against Spears. Faced with the plaintiffs' unsupported allegations based on "information and belief", which have been directly contradicted by Spears' affidavit, the Court cannot conclude that there is any reasonable possibility that the plaintiff could establish a colorable claim against Spears under Kentucky law.

**\*5** The defendants have sufficiently demonstrated that Spears was fraudulently joined in this action. Spears' citizenship will be disregarded for purposes of diversity jurisdiction and the claims against her will be dismissed as meritless. Accordingly, it is hereby

**ORDERED** as follows:

1. The Plaintiffs' Motion to Remand [Record No. 16] is **DENIED.**

2. Defendant Teresa Spears' motion to dismiss [Record No. 8] is **GRANTED.**

3. The claims asserted in this action against Defendant Teresa Spears are **DISMISSED,** with prejudice, and she is **DISMISSED** as a party from this action.

### All Citations

Not Reported in F.Supp.3d, 2014 WL 6633129

Footnotes

1    Spears is now the manager of Wal–Mart Store Number 825 in Stanford, Kentucky, and remains a citizen of Kentucky. [Record No. 8].

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000013 of 000036

# EXHIBIT 3

Couch ex rel. Couch v. Purdue Pharma L.P., Not Reported in F.Supp.2d (2002)

2002 WL 32097529

2002 WL 32097529
Only the Westlaw citation is currently available.
United States District Court,
E.D. Kentucky.

Deena COUCH, Executrix of the Estate
of Elmer Richard Couch, Plaintiff,
v.
PURDUE PHARMA L.P., et al. Defendants,

No. Civ.A. 01–370–DCR.
|
Jan. 31, 2002.

*ORDER*

REEVES, J.

**\*1** This matter is before the Court for consideration of the Plaintiff's motion to remand (No.5). Having reviewed the record and being otherwise sufficiently advised, the Court will deny the motion.

*Factual Background*

The Plaintiff initiated this product liability suit in Clay Circuit Court against Purdue Pharma L.P. ("Purdue"), Abbott Laboratories, Inc. ("Abbott"), Todd Johnson and other unknown Purdue representatives/employees working in Clay County. Purdue and Abbott removed the action to this Court, invoking jurisdiction pursuant to 28 U.S.C. § 1332. [1]

The Plaintiff, the executrix of the decedent's estate, alleges that the Defendants are liable to her for the defective manufacture and distribution of OxyContin, a schedule II narcotic. She claims that the decedent's death was caused by his use of OxyContin on August 9, 2000. The Plaintiff is a citizen of Kentucky. Purdue and Abbott are not. Accordingly, the Defendants argue that complete diversity exists among the parties and, therefore, that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(a). Since the Plaintiff has also named Todd Johnson in her complaint, however, and since Johnson is presumably a Kentucky citizen, [2] complete diversity exists

here only if Johnson has been fraudulently joined to avoid this Court's jurisdiction. [3]

*Legal Analysis*

As the party seeking to invoke this Court's removal jurisdiction, the Defendants bear the burden of establishing that Johnson has been fraudulently joined. *Alexander,* 13 F.3d at 948–49. This burden is formidable. The Defendants must show by clear and convincing evidence that no arguable basis exists for predicting that Kentucky law might impose liability upon Johnson under the facts alleged by the Plaintiff. *Marathon Oil Co. v. Ruhrgas, A.G.,* 115 F.3d 315, 319 (5th Cir.1997); *Alexander,* 13 F.3d at 949. Further, removal statutes are to be construed narrowly and "any disputed questions and facts and ambiguities in the controlling state law should be resolved in favor of the nonremoving party." *Id.*

In deciding whether the Plaintiff has arguably stated a cause of action against Johnson, the Court's review is limited to the allegations contained in her complaint. *See In re Rezulin Products Liability Litigation,* 133 F.Supp.2d 272, 284–85 (S.D.N.Y.2001). The plaintiff's sole allegation specific to Johnson is that he distributed OxyContin in Clay County. [4] This is legally insufficient to state a cause of action for breach of warranty, negligence, or strict liability against a sales representative—such as Johnson—who is employed by a manufacturer of a prescription drug. *Id.* at 282, 291; *Robertson v. Warner–Lambert Co.,* 2001 U.S. Dist. LEXIS 7599 at \*2–4 (E.D.La.2001).

The Plaintiff does not claim that Johnson actually sold or otherwise distributed OxyContin to the decedent or to the decedent's prescribing physician. Nor does she even allege that Johnson ever had any contact with the decedent. These omissions are fatal to her motion.

**\*2** Without some allegation that Johnson supplied the decedent with OxyContin, or otherwise had some contact with the decedent, the Plaintiff has no possibility of recovering against Johnson under her theory of liability. To recover under the doctrines of negligence, strict liability, or implied warranty of fitness in Kentucky, the Plaintiff must establish that Johnson's conduct was a proximate cause of the decedent's death. *See e.g., Morales v. American Honda Motor Co.,* 151 F.3d 500, 507 (6th

Couch ex rel. Couch v. Purdue Pharma L.P., Not Reported in F.Supp.2d (2002)

2002 WL 32097529

Cir.1998); *Huffman v. SS. Mary Elizabeth Hosp.,* 475 S.W.2d 631, 633 (Ky.Ct.App.1972). Johnson's conduct may qualify as a proximate cause only if it was a substantial factor in bringing about the Plaintiff's harm. *Deutsch v. Shein,* 597 S.W.2d 141, 144 (Ky.1980).

In the absence of an allegation that he sold or distributed OxyContin to the decedent, the Plaintiff cannot establish Johnson's conduct was a substantial factor in the decedent's death. "Without drawing that connection, [the] plaintiff[ ] ha[s] no way of showing that the ... defendants'

acts proximately caused the alleged injuries." *In re Rezulin,* 133 F.Supp.2d at 291. Thus, under the facts alleged by the Plaintiff, no arguable basis exists for believing that Kentucky law might impose liability upon Johnson.

Accordingly, it is hereby ORDERED that the Plaintiff's motion to remand (No. 5) is DENIED.

**All Citations**

Not Reported in F.Supp.2d, 2002 WL 32097529

Footnotes

1    The Court does not address whether it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

2    The record does not reveal Johnson's citizenship. The Plaintiff does not allege that he is a citizen of Kentucky. The Defendants allege that he is a fictitious Defendant who must be disregarded for purposes of determining the existence of diversity jurisdiction. Although the record does not indicate that a Todd Johnson has been served or otherwise joined in this case, or that such a person actually exists, the Court will assume that, as reflected on the face of her complaint, the Plaintiff has effected service upon a Todd Johnson who resides in Prestonsburg, Kentucky.

3    The Plaintiff's attempt to join unknown Purdue employees/representatives cannot affect this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir.1994). Additionally, while she claims to have recently identified a non-diverse Defendant by the name of Christopher McCowan, she has not sought leave of court to substitute McCowan as a Defendant so that this Court could order remand under 28 U.S.C. § 1447(e). *See, e.g., Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, 673–74 (1st Cir.1994).

4    The Plaintiff also alleges that the Defendants offered OxyContin for sale to patients such as the decedent. This allegation, however, is targeted to all the Defendants and does not identify any of Johnson's specific sales/distribution activity.

**End of Document**                                     © 2018 Thomson Reuters. No claim to original U.S. Government Works.

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000016 of 000036

# EXHIBIT 4

2005 WL 1287421
Only the Westlaw citation is currently available.
United States District Court,
W.D. Kentucky.

Nordene L. LORSON Plaintiff

v.

WAL-MART STORES, INC.
and David Rhodes Defendants

No. Civ.A. 5:05CV-50-R.
|
May 31, 2005.

**Attorneys and Law Firms**

Benjamin J. Lookofsky, Mayfield, KY, for Plaintiff.

Kathryn A. Quesenberry, Wendy Carole Hyland, Woodward, Hobson & Fulton, LLP, Louisville, KY, for Defendants.

## MEMORANDUM OPINION

RUSSELL, J.

**\*1** Defendant has filed a motion to dismiss (Dkt.# 3). Plaintiff responded (Dkt.# 9), Defendant replied (Dkt.# 12), and this matter is now ripe for decision. For the reasons given below, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff Lorson was employed as a sales associate at Wal-Mart's Murray, Kentucky store. In February of 2004, while working in the deli section of that store, Plaintiff was filling a large order for fried chicken that a customer was planning to pick up at 1:30 p.m. When the customer arrived, there was not enough chicken ready to fill the order; or, more precisely, the chicken that was ready was more than four hours old and, under Wal-Mart's policy, was not to be used. One of Plaintiff's fellow employees suggested that she change the time marked on the already-prepared chicken so that it could be used to fill the order. Plaintiff claims that she refused to do so, and that the customer simply waited for a fresh batch of chicken. A third employee, also working in the deli at

the time, allegedly reported the incident, but told Wal-Mart management that Plaintiff had in fact changed the time on the chicken. Shortly thereafter, Plaintiff was terminated over the incident. Plaintiff then filed suit in Calloway County Circuit Court, alleging wrongful termination, breach of contract and breach of implied covenant of good faith and fair dealing. Plaintiff sought monetary damages, including compensatory and punitive damages, interest, attorney's fees and costs. Defendants removed the case to this court pursuant to 28 U.S.C. § 1332, alleging that Plaintiff's joinder of the store's Co-Manager David Rhodes (who would defeat diversity) was fraudulent because none of Plaintiff's causes of action, if proved, give rise to individual liability on the part of supervisors. Plaintiff does not challenge this assertion, and did not file a motion to remand in this case.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir.1999) (citing *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio,* 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States,* 276 F.3d 853, 863 (6th Cir.2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio,* 104 F.3d 803, 806 (6th Cir.1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)).

## ANALYSIS

*Fraudulent Joinder*
**\*2** Before addressing directly the motion to dismiss, we "must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000017 of 000036

under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." *Godsey v. Miller,* 9 Fed. Appx. 380, slip op. at 384, 2001 WL 523433 at 5 (6th Cir.2001) (citing 14C Wright, Federal Practice and Procedure § 3739, at 423 (3d. ed.1998)). On the face of Plaintiff's complaint, complete diversity was lacking, and no substantial federal question appeared. For Defendants' removal to have been proper, then, they were required to allege fraudulent joinder. *Id.* at 383. "Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against [defendant] in the ... state courts." *Id.* (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999) (internal quotation marks omitted)).

Plaintiff's contract-based claims (breach of contract and breach of implied covenant) would not give rise to liability for Defendant Rhodes, since any contract would be between Plaintiff and Wal-Mart only. In *Audiovox Corp. v. Moody,* the Court of Appeals of Kentucky upheld a jury verdict in favor of a plaintiff who claimed she had been discharged in violation of an oral contract with the company that she would not be terminated if she divulged information on alleged wrongdoing by her supervisor, Hass; the only claim against Hass was the tort of outrage, on which the jury returned a verdict for Hass. 737 S.W.2d 468 (Ky.Ct.App.1987).

As to Plaintiff's wrongful termination claim, the Court believes that, under Kentucky law, a wrongful termination claim may only lie against Plaintiff's employer, not against Plaintiff's supervisor. Although supervisors appear to be liable for other torts in employment contexts (outrage, intentional infliction of emotional distress, defamation), the Court can find no Kentucky case in which a plaintiff successfully asserted a claim for wrongful discharge against an individual supervisor. Further, as discussed below, Plaintiff has not presented facts sufficient to support such a claim against any defendant. No colorable cause of action exists, then, against Defendant Rhodes in state court, and the joinder was fraudulent. Therefore, subject matter jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332.

### Wrongful Termination

In Kentucky, the tort of wrongful discharge is limited in scope; "absent explicit legislative statements prohibiting the discharge," it applies only where either (1) "... the alleged reason for the discharge ... was the failure or refusal to violate a law in the course of employment," or (2) "... the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Grzyb v. Evans,* 700 S.W.2d 399, 402 (Ky.1985) (quoting *Suchodolski v. Michigan Consolidated Gas Co.,* 412 Mich. 692, 316 N.W.2d 710 (Mich.1982) (internal quotation marks omitted)). Plaintiff in this case does not present a claim of either type; in fact, Plaintiff alleges that Wal-Mart discharged her because she *mistakenly* believed she sold the chicken when it was past its four-hour limitation. [1] The exception applies where an employee is terminated because he *refused* to violate the law as directed by his employer. Here, Wal-Mart terminated Plaintiff because it believed she had violated the law. Further, Plaintiff has not alleged that she was acting in exercise of any right conferred by legislative enactment. Therefore, Plaintiff's wrongful termination claim must be dismissed.

### Breach of Contract

**\*3** Plaintiff alleges that she had "an oral contract of employment which was modified and re-enforced (sic) by certain policies, practices, assurances and other express and implied statements ..." (Complaint, Attachment # 1 to Dkt. # 1, at ¶ 13.) Plaintiff asserts that this contract was of the import that she "would not be impeded in her job duties and that she would be terminated only for cause." *Id.* Plaintiff asserts that Wal-Mart breached this contract "by terminating Plaintiff's employment without cause." *Id.* at ¶ 14, 316 N.W.2d 710. Kentucky courts have held that employers and employees can orally amend the at-will relationship presumed under the law, but that they may do so only "by clearly stating their intention to do so." *Shah v. American Synthetic Rubber Corp.,* 655 S.W.2d 489, 492 (Ky.1983). Plaintiff fails to allege any such statement, either orally made or within the policies and procedures mentioned. Without this, no amendment to the general at-will employment relationship may be found. Therefore, Plaintiff's breach of contract claim must be dismissed.

### Breach of implied covenant

Plaintiff also alleges that Wal-Mart "breached the covenant of good faith and fair dealing [implicit in her alleged contract] by wrongfully terminating [her] employment without cause." (Complaint, at ¶ 20.) Kentucky courts have held that no such covenant is implied in the at-will employment relationship. *Wyant*

*v. SCM Corp.,* 692 S.W.2d 814, 816 (Ky.Ct.App.1985); accord *McCart v. Brown-Forman Corp.,* 713 F.Supp. 981, 983 (W.D.Ky.1988).

CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. An appropriate order shall issue. This shall not affect Plaintiff's amended complaint for defamation, which is addressed in a separate order.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 1287421

Footnotes

1    Plaintiff alleges that the four-hour rule is a "state health regulation" which would be a public policy for purposes of the wrongful discharge claim; there is no particular statutory or constitutional provision cited in support of this claim, but we need not reach this issue.

**End of Document**                          © 2018 Thomson Reuters. No claim to original U.S. Government Works.

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000020 of 000036

# EXHIBIT 5

2010 WL 4736257
Only the Westlaw citation is currently available.
United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Rosemary McCONNELL, Plaintiff

v.

Robin FUNK and Wal–
Mart Stores, Inc., Defendants.

Civil Action No. 2:10–cv–97KS–MTP.
|
Nov. 16, 2010.

**Attorneys and Law Firms**

Percy W. Watson, Attorney, Hattiesburg, MS, for
Plaintiff.

Shanda M. Yates, Thomas M. Louis, Wells, Marble &
Hurst, PLLC, Jackson, MS, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

KEITH STARRETT, District Judge.

**\*1** This matter is before the Court on Motion to
Remand **[# 6]** filed on behalf of the Plaintiff. The Court,
having reviewed the motion, the response, the briefs and
pleadings and exhibits on file, finds that the motion is
not well taken and should be denied. The court finds
specifically as follows:

Plaintiff alleges that on Sunday, June 15, 2008, she slipped
and fell on a substance she believed to be beans and
water. As a result of this alleged incident, Plaintiff filed
suit against Wal–Mart and Robin Funk ("Funk"), the
Store Manager of Wal–Mart Store # 916 in Hattiesburg,
Mississippi. Plaintiff's Complaint and Motion to Remand
allege Wal–Mart and/or Funk failed to properly clean
the area where the subject incident occurred and failed to
take reasonable efforts to remove the alleged hazardous
condition.

However, contrary to the allegations in the Plaintiff's
Complaint and Motion to Remand, Funk has provided
an affidavit that she was not working on the date of the
subject incident and that she had no involvement with
the subject incident. Thus, defendants argue there is no
legal or factual basis upon which to hold Funk liable in
this case. Further, in her Motion to Remand, Plaintiff
offers no factual or legal basis to refute that Funk was
fraudulently joined in this action. Instead, Plaintiff argues
only that removal is not proper because the amount in
controversy is not satisfied. More specifically, Plaintiff
attempts to argue that the settlement demand letter
received by Wal–Mart was not an "other paper" upon
which Wal–Mart could base its removal.

"The burden of persuasion placed upon those who cry
'fraudulent joinder' is indeed a heavy one." *B., Inc. v.
Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981).
The removing party must show either that there is no
reasonable "possibility that the plaintiff would be able to
establish a cause of action against the in-state defendant
in state court; or that there has been outright fraud in
the plaintiff's pleadings of jurisdictional facts." *Id.* at 549;
(citing *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th
Cir.1980); *Tedder v. F.M.C. Corp. et al,* 590 F.2d 115 (5th
Cir.1979); *Bobby Jones Garden Apts. v. Suleski,* 391 F.2d
172 (5th Cir.1968); *Parks v. New York Times Co.,* 308 F.2d
474 (5th Cir.1962)(cert. denied, 376 U.S. 949, 84 S.Ct. 964,
11 L.Ed.2d 969 (1964)))

This court must refer to the allegations made in the
original pleading to determine whether the plaintiff can
make out a viable claim against the resident defendant,
Magco. *See Tedder v. F.M.C. Corp.,* 590 F.2d at
116; and *Gray v. U.S. Fidelity and Guaranty Co.,* 646
F.Supp. 27, 29 (S.D.Miss.1986). Those allegations must
be construed most favorably to the plaintiff as the party
opposing removal, resolving all contested issues of fact
and ambiguities in the law in favor of the plaintiff. *B. Inc.,*
663 F.2d at 549. *See also, Bobby Jones Garden Apts.,* 391
F.2d at 177; and *Carrier v. Sears, Roebuck & Co.,* 893 F.2d
98, 100 (5th Cir.1990).

**\*2** When considering whether a non-diverse defendant
has been fraudulently joined to defeat diversity of
citizenship jurisdiction, courts may "pierce the pleadings"
and consider "summary judgment-type" evidence such as
affidavits and deposition testimony. *See Cavallini v. State
Farms Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995).
Conclusory or generic allegations of wrongdoing on the
part of the non-diverse defendant are not sufficient to
show that a defendant was not fraudulently joined. See

*Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392–93 (5th Cir.2000); and *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against Magco. *Badon,* 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir.2004)(*en banc* )(*cert. den.* 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755, 73 USLW 3372, 73 USLW 361273 USLW 3621 (U.S. Apr 18, 2005) (NO. 04–831)); *see also Crawford v. Charles Schwab & Co., Inc.,* 2009 U.S. Dist. LEXIS 101598, *10, 2009 WL 3573658 (N.D.Tex. Oct. 30, 2009).

However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In

> this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

**\*3** *Id.* at 573–74 (internal footnotes omitted).

The Rule 12(b)(6) type analysis requires the court to determine whether the plaintiff has " 'pleaded enough facts to state a claim to relief that is plausible on its face.' " *Crawford,* 2009 U.S. Dist. LEXIS 101598 at *10, 2009 WL 3573658 (quoting *In re Katrina Canal Breach Litigation,* 495 F.3d 191 (5th Cir.2007) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *cert. denied,* 552 U.S. 1182 (2008)). A complaint will not survive this analysis if it " 'tenders naked assertions devoid of further factual enhancement.' " *Id.* quoting *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). " 'Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.' " *Id.* (quoting *Randle v. SmithKline Beecham Corp.,* 338 F.Supp.2d 704, 708 (S.D.Miss.2004)). Thus, to survive a Rule 12(b)(6)-type inquiry a plaintiff must plead " 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (citing *Iqbal,* 129 S.Ct. at 1949).

In this case the Complaint contains, at best, only conclusory allegations against Funk. The Complaint alleges that Wal–Mart and Funk were negligent in failing to properly inspect the floor in order to insure that it was clear of all substances, or objects or conditions which might pose a hazard to the customers; failing to take proper precautions to prevent the general public, customers and the plaintiff from walking on the floor while it was unsafe to do so; failing to warn the general public, customers and plaintiff of the liquid substance.

The Complaint, however, does not contain any specific allegations against Funk nor does the Complaint contain any factual support for any allegation that Funk was in any way personally responsible for the subject incident. In fact, Plaintiff's allegations against Funk are premised on nothing more than the fact that Funk is the store manager of the subject Wal–Mart. Thus, the conclusory allegations against Funk are insufficient to survive a Rule 12(b)(6) analysis and, as such, Funk has been fraudulently joined and should be dismissed. *See Griffin v. Dolgen Corp.,* 143 F.Supp.2d 670 (S.D.Miss.2001) (holding that store manager may only potentially be liable in premises liability action where some negligent act of the manager contributed to the subject incident).

The main contention addressed by the parties, however, is the jurisdictional amount. The Plaintiff contends that the $75,000 jurisdictional limit of § 1332 is not satisfied while the Defendants contend to the contrary by virtue of receipt of an "other paper." Thus, Plaintiff asserts that the Defendants failed to timely remove this action from state court. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.

**\*4** If the case stated by the initial pleading is not removal, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

Plaintiff's Complaint sought an award "in excess of twenty-five thousand dollars," but did not specifically demand an amount in excess of $75,000.00. As such, on or about September 18, 2009, Wal–Mart propounded Requests for Admission to Plaintiff in an attempt to determine whether she was, in fact, seeking damages in excess of $75,000,00. However, on October 26, 2009, Plaintiff filed responses to these requests which stated that "Plaintiff cannot say at this point in the proceeding what the value of her claims are, inasmuch as she is still receiving medical care from her primary care physician. Plaintiff has not been released from her physician and does not know what her prognosis is at this time."

Plaintiff asserts that after depositions were taken on March 15, 2010, Wal–Mart requested that counsel for Plaintiff give a settlement demand. Thereafter, on April 5, 2010, counsel for Wal–Mart received a letter from counsel for Plaintiff itemizing Plaintiff's medical expenses and contained the following settlement demand: "We would recommend at this time that [this] claim be concluded for the total sum of $375,000.00."

Plaintiff's counsel contends that this letter only was meant to indicate that he did not have authority to settle this case for any amount, but would engage in discussions with Rosemary McConnell towards the goal of getting the Plaintiff to authorize a settlement amount. Indeed, counsel for Plaintiff states that as of the present date, he has not been authorized to settle for any amount. Plaintiff goes on to argue that while counsel for Wal–Mart refers to the letter as a "settlement demand," it was only a statement of future plans of Plaintiff's counsel after Wal–Mart counsel requested a settlement offer.

The court finds Plaintiff's counsel's argument disingenuous. A settlement letter can be sufficient to constitute "other paper" which makes the case removable where the settlement request demands an amount over the jurisdictional minimum. *See Addo v. Glove Life & Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir.2000) (holding that a post-complaint settlement demand letter may serve as an "other paper" under § 1446(b)). The letter submitted by Plaintiff's counsel clearly and unquestionably contained a $375,000.00 settlement demand. Whether counsel made

such a demand without having authority from his client to do so is irrelevant. What is relevant is that counsel for Wal–Mart received the letter, which contained a demand well in excess of $75,000.00, and, after receipt of such letter properly exercised its right to remove this case.

**\*5** IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[# 6]** filed on behalf of the Plaintiff is denied and that all of Plaintiff's claims against Defendant Robin Funk are dismissed with prejudice as she was improperly joined.

This case is to be returned to the standard track and the parties are directed to contact Magistrate Judge Michael T. Parker within ten (10) days of the date of this order to set a date for a scheduling conference.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4736257

---

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 6

2013 WL 6198308
Only the Westlaw citation is currently available.
United States District Court,
S.D. Ohio,
Eastern Division.

Mary DUNCAN, Plaintiff

v.

WAL–MART STORES, INC.
and Doug Hays, Defendants.

Civil Action No. 2:13–cv–00482.
|
Nov. 27, 2013.

**Attorneys and Law Firms**

Ashley D. Rutherford Starling, Willis & Willis, L.P.A.,
Hilliard, OH, for Plaintiff.

D. Patrick Kasson, Whitney D. Cole, Reminger Co., LPA,
Columbus, OH, Defendants.

**Report and Recommendation**

MARK R. ABEL, United States Magistrate Judge.

**\*1** This matter is before the Magistrate Judge on plaintiff
Mary Duncan' s June 12, 2013 motion to remand and for
attorney fees (doc. 13).

### I. Allegations in the Complaint and the Amended Complaint

The original complaint alleges that on August 18,
2012, defendants Wal–Mart and Doug Hays, as general
manager of the store, breached their duties of reasonable
care when they failed to maintain aisles in the Home Decor
section of Store # 5184 in a reasonably safe condition.
Defendants' breach caused plaintiff Mary Duncan to slip
on a clear, sticky liquid and seriously injure her knee. Doc.
4; Compl. at ¶ 1.

On August 18, 2012, plaintiff entered the store with her
mother. *Id.* at ¶ 12. Plaintiff and her mother walked back
to the Home Decor department. *Id.* at ¶ 13. There was
a clear, sticky liquid on the floor of one of the aisles.
at ¶ 14. As plaintiff was shopping, she suddenly slipped
on the clear, sticky liquid and twisted her right knee. *Id.*

at ¶ 15. Plaintiff immediately experienced a great deal
of pain. *Id.* at ¶ 16. As a result of her fall, plaintiff
sought extensive medical attention, including medication,
arthroscopy, medial meniscectomy and chondroplasty for
tears in the medial meniscus and physical therapy. *Id.* at
¶ ¶ 20–21. Plaintiff was unable to work for a substantial
amount of time because of her medical restrictions. Upon
information and belief, the clear, sticky liquid had been on
the floor for an extended period of time, and Wal–Mart
employees knew or should have known that the liquid was
present and a danger to customers. *Id.* at ¶ 23.

The complaint alleges that plaintiff was the business
invitee of the store and its employees. *Id.* at ¶ 26.
Employees of the store breached their duty of reasonable
care to maintain the premises in a reasonably safe
condition. *Id.* at ¶ 27. Employees of the store breached
their duty of reasonable care by failing to remedy the
substantially dangerous condition. *Id.* at ¶ 28.

The complaint further alleges that defendant Hays, as a
general manager, had a duty to exercise ordinary care
in supervising employees of the store. *Id.* at ¶ 34. Hays
breached his duty when he failed to ensure that employees
maintained the store's premises in a reasonably safe
condition. *Id.* at ¶ 35. Wal–Mart is vicariously liable for
Hays' breach. *Id.* at ¶ 37.

The first amended complaint, filed after this case was
removed from the common pleas court to this court,
alleges that defendant Hays, as general manager, had a
duty to adequately supervise his employees tasked with
maintaining the store in a reasonably safe condition.
Defendants breached their duties when they failed to
maintain the aisles in the Home Decor section in a
reasonably safe condition. Doc. 8; Am. Compl. at ¶ 1.
As general manager, Hays was the senior-most manager
at the store and possessed control and supervision over
the premises. His control and supervision over the
premises included the authority to hire and fire employees;
the authority to discipline employees, including the
authority to discipline employees for failing to maintain
the store's premises in a reasonably safe condition;
to implement policies, practices and procedures for
maintaining the store in a reasonably safe condition; the
authority to assign particular employees responsibility for
maintaining the premises in a reasonably safe condition;
the authority to admit or exclude individuals from the
premises; the authority to implement polices, practices

and procedures regarding whom to admit or exclude from the premises; and the authority to assign particular employees responsibility for admitting or excluding individuals from the premises; and all other authority that would demonstrate that Hays' extent of control and supervision over the premises to show that Hays was an occupier of the store's premises. *Id.* at ¶ 9.

**\*2** Defendant Hays was working at the store when plaintiff slipped and fell, and he had supervision or control over the employees who were working at the time plaintiff fell and who failed to keep the floors of various aisles in the store free of dangerous substances. *Id.* at ¶ 23. Hayes failed to institute any or adequate policies, practices or procedures requiring employees to take reasonable efforts to keep the floors of various aisles in the store free of dangerous substances. *Id.* at ¶ 24. To the extent any policies, practices or procedures existed, Hays failed to properly ensure employees under his control and supervision complied with such policies, practices or procedures. *Id.* at ¶ 25.

The amended complaint alleges that by virtue of his control and supervision of the store, Hays was an occupier of the store where plaintiff was injured. *Id.* at ¶ 28. Defendants owed their business invitees, such as plaintiff, a duty of reasonable care to maintain the premises in a reasonably safe condition. *Id.* at ¶ 30. Because the liquid on which plaintiff slipped was clear and located in an aisle, it was a condition substantially dangerous enough that the ordinary business invitee would not be aware of the risks. *Id.* at ¶ 31. Wal–Mart, Hays and the store employees breached their duty of reasonable care by failing to remedy the substantially dangerous condition. *Id.* at ¶ 32. Wal–Mart is vicariously liable for the breach of their employees. *Id.* at ¶ 34. Hays is vicariously liable for the breach if his employees at the store. *Id.* at ¶ 35. The amended complaint further asserts that as general manager of the store, Hays had a duty to exercise ordinary care in supervising employees. *Id.* at ¶ 38.

## II. Arguments of the Parties

### A. Plaintiff Mary Duncan
Plaintiff Mary Duncan argues that this Court does not have original jurisdiction over this action because both plaintiff and defendant Hays are citizens of the state of Ohio thus destroying complete diversity. Plaintiff maintains that Hays was not fraudulently joined. To

demonstrate fraudulent joinder, defendants must present sufficient evidence that plaintiff cannot establish a cause of action against a non-diverse defendant under state law. Plaintiff maintains that a state law claim is colorable if the state law might impose liability on the resident defendant under the facts alleged. Fraudulent joinder only occurs when the plaintiff has no hope of recovering against the non-diverse defendant.

Plaintiff maintains that Ohio law might permit a manager to be held liable for premises liability if he has sufficient control and supervision over the property. Under Ohio law, premises liability extends to owners or occupiers. In Ohio, the test for determining whether someone is an occupier of property is whether they had sufficient control over the premises, such as whether they had the power to admit people or to exclude people from the premises. Plaintiff maintains that Hays can be considered an "occupier" under Ohio case law. Plaintiff has alleged that Hays had measures of control over the store, including the authority to admit or exclude patrons.

**\*3** All uncertainties in state law must be resolved in favor of remand. Plaintiff maintains that remand is required when there is conflicting case law and where there is no dispositive case law in defendants' favor.

Plaintiff also argues that she is entitled to attorney fees because the basis for removal was not objectively reasonable because defendants maintain that only an owner can be liable and no one else.

### B. Defendants Wal–Mart Stores, Inc. and Doug Hays
Defendants maintain that by joining Hays, the store manager, plaintiff's motive is absolutely clear; he has been joined in this action for the sole purpose of defeating diversity jurisdiction to prevent removal to federal court. If Hays is forced to remain in this suit, it would make him, and the other 150 employees employed at Wal–Mart Store No. 5184, the personal guarantor of every customer at a store that sees thousands of customers per day. Defendants maintain that every employee at Wal–Mart could be held liable for every injury that occurred at the store by sole virtue of their employment. Defendants maintains that plaintiff has not plead any facts against Hays. Defendants maintain that plaintiff has not alleged any facts that Hays knew or should have known of any substance that caused plaintiff to fall or that Hays negligently supervised employees or knew of

an employee's incompetence. Rather, plaintiff's complaint contains overly broad allegations, none of which are specific to Hays. Defendants argue that there is no case law to support holding a store manager personally liable for a slip and fall injury, and no Ohio court has held that a store manager can be held personally liable in premise liability case.

Defendants argue that plaintiff's motion to remand should be denied because under Ohio law, Wal–Mart was the occupier of the premises, not Hayes. Defendants maintain that the term, "occupier" is typically applied to a lessee, and there are no Ohio cases holding that a store manager is considered an "occupier" for purposes of premise liability. Cases that have applied the "occupier" language have been limited to cases involving a lessee, who does not own the premises. Limiting liability to the corporate entity that owns or leases the premises makes sense because liability stems from the duty owed to business invitees. Customers are invitees of the business, and not the individual employees. Although plaintiff argues that Hays is an occupier because he had authority to exercise control the premises, there are no allegations that Hays personally admitted or excluded any customers from the premises. According to defendants, Wal–Mart, not Hays, occupied and controlled the premises.

Defendants argue that although there are no Ohio cases addressing an employee's personal liability in a slip and fall case, courts outside of Ohio have held that managers and employees are not individually liable in premise liability cases. Defendants maintain that plaintiff mistakenly relies upon cases that are not applicable to the issue of whether an employee can be held liable under Ohio law. Defendants further argue that as a matter of public policy and judicial economy, Hays should be dismissed.

 **\*4** Defendants further argue that the allegations in plaintiff's amended complaint should not be used to determine whether remand is appropriate. The right of removal is determined by the pleadings at the time the petition for removal is filed. Plaintiff may not defeat federal jurisdiction after a case has been properly removed. Defendants maintain that plaintiff's original complaint asserted a claim for negligence only against Wal–Mart. Plaintiff subsequently amended her complaint to add a claim against Hays under a premise liability theory. Because the propriety of removal is determined at the time of removal, only plaintiff's negligent supervision

claim can be considered to determine whether remand is appropriate. According to defendants, there are no cases in which a plaintiff has sought personal liability against an employee for negligent supervision because negligence is imputed to the employer.

Defendants further argue that removal is proper because Hays should be dismissed to plaintiff's failure to meet federal pleading requirements. According to defendants, plaintiff's original complaint fails to plead sufficient factual allegation to sustain a premise liability claim against Hays. Defendants also argue that the amended complaint fails to plead sufficient factual allegations to sustain a negligent supervision claim.

Defendants maintains that because removing this case to federal court was objectively reasonable, attorney fees should not be awarded.

### III. Discussion

A civil case brought in state court may be removed to federal court only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. If a case has been improperly removed, the action must be remanded, and the order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A case may be removed under § 1441(b) where there is complete diversity of the parties at the time of removal. All parties on one side of the litigation must have different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 432 (6th Cir.2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C .,* 176 F.3d 904, 907 (6th Cir.1999)). In order to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Coyne,* 183 F.3d at 492–93 (citing *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994)). The party seeking removal bears a heavy burden of proving that joinder of a party is fraudulent:

**\*5** [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493 (internal quotation marks and citation omitted).

Although the general rule is that the propriety of removal is determined at the time the case is removed, plaintiff maintains that because she is permitted to amend as a matter of course under Rule 15(a)(1)(B), her amended complaint is the operative pleading for determining whether this matter should be remanded. The cases cited by plaintiff to support that her position that the amended complaint is the operative pleading for determining whether remand is appropriate are distinguishable from the circumstances of this case.

In *Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536 (6th Cir.2006), at the time of removal, the only defendant identified by name was a citizen of Pennsylvania. The remaining defendants were identified as John Does, and their citizenship was unknown. As a result, at the time of removal, complete diversity existed because the plaintiff was a citizen of Ohio. After the district court granted the plaintiff's motion to file a third amended complaint, plaintiff named two nondiverse defendants. Plaintiff maintained that he had only recently learned the identities of the John Doe defendants. Although the amendment of the complaint resulted in Ohio citizens on both side of the lawsuit, neither the party nor the district court recognized that the amended complaint eliminated the court's subject matter jurisdiction over the case.

This case is factually distinct from *Curry v. U.S. Bulk Transport, Inc.* The nondiverse defendant, Hays, has been identified from the outset. Defendant contends that the inclusion of Hays in this lawsuit is an attempt to defeat federal jurisdiction by means of fraudulent joinder. According to defendants, plaintiff's amended complaint only seeks to bolster those allegations against Hays in an

effort to remand the case because the allegations in the original complaint fail to state a colorable claim against Hays under state law.

A review of the allegations in the original complaint demonstrate that the inclusion of Hays was made in an obvious attempt to defeat subject matter jurisdiction in this Court.

Plaintiff relies on *Wimpsett v. FSL Management, LLC,* No. 3:13–cv–00008, 2013 WL 1501050 (W.D.Ky. Apr.1, 2013), in which a district court remanded a case under similar circumstances. In *Wimpsett,* the plaintiff alleged claims of premises liability and negligent supervision against the property owner and the general manager. The *Wimpsett* Court rejected the fraudulent joinder argument and concluded that state law might permit a manager to be held liable if he had sufficient control and supervision over the property. In doing so, the *Wimpsett* Court relied in part on *Bradford v. Lexington Fayette Urban County Government,* No.2004–CA–000536–MR, 2005 WL 327177, at \*3–4 (Ky.App.Ct. Feb.11, 2005), which held that the corporation that had a contract with the county government to manage a government parking garage had the same duty to use reasonable care to keep the premises safe for its business invitees. Although the *Wimpsett* Court noted that the Kentucky Court of Appeals ultimately held that a manager did not have sufficient control over the gas station to impose premises liability in *Smith v. Grubb,* —— S.W.3d ——, 2012 WL 2160192 (Ky.App.2012), the court emphasized that this finding came after discovery and trial. The *Smith* Court stated:

**\*6** There are legitimate public policy reasons for not imposing a duty on a local convenience store manager to maintain the employer's premises. The local store manager is often an hourly employee and, as a nonowner of the premises, does not have premises liability coverage. Moreover, to avoid potential liability, virtually every employee would have to be trained and develop the expertise to remedy any conceivable defect on the employer's premises, a duty not

assumed nor contemplated by their employment.

*Smith v. Grubb,* 2012 WL 2160192, at *8 (Ky.App.2012).

Under Ohio law, the owner or operator of a store who invites the public into his premises to transact business owes the duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the protection of such invitees. *Debie v. Cochran Pharmacy–Berwick, Inc.,* 11 Ohio St.2d 38, 40, 227 N.E.2d 603 (1967) (quoting *Boles v. Montgomery Ward & Co.,* 153 Ohio St. 381, 92 N.E.2d 9 (1950). To determine whether an individual is an occupier of property, a court examines whether he had sufficient control over the premises, such as whether the individual could admit or exclude people from the premises. *Simpson v. Big Bear Stores Co.,* 73 Ohio St.3d 130, 652 N.E.2d 702 (1995).

Plaintiff's reliance on *Duncan v. Capitol South Community Urban Redevelopment Corp.* for the proposition that a manager can be an "occupier" for premises liability is misplaced. *See id.* at 2003 WL 1227586, 5 (Ohio App. 10 Dist. Mar.18, 2003) ("[D]efendants did not contest that they were the owners or occupiers of the parking garage.") A management company operating a parking garage is sufficiently dissimilar from the facts of this case, particularly where the management company did not argue that it lacked sufficient control to be considered an occupier.

Here, I conclude that Hays has been named in this lawsuit as a means to defeat subject matter jurisdiction. Plaintiff cannot believe that Hays will be held personally liable, and his inclusion in this suit is unnecessary for plaintiff to recover against WalMart. Although it is defendants' burden to demonstrate that a defendant has been fraudulently joined, plaintiff has not pointed to any case law demonstrating that there is an ambiguity in state law that might permit this action to proceed against Hays. Under Ohio law, an owner or occupier has a duty to exercise reasonable care to prevent accident and injury

to customers. The case law suggests that the distinction between owner and occupier applies to those situations where the property owner may not maintain control of the property, and the relevant party is the manager or lessee of the property. This case does not present that scenario. Here, Wal–Mart is both the owner and occupier of the premises.

The allegations in the complaint further support this conclusion. The allegations lack sufficient detail to withstand a Rule 12(b) (6) motion.

### IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Mary Duncan's June 12, 2013 motion to remand and for attorney fees (doc. 13) be DENIED.

**\*7** If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1) (B); Rule 72(b), Fed.R.Civ.P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn,* 474 U.S. 140, 150–152, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir.2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991).

### All Citations

Not Reported in F.Supp.2d, 2013 WL 6198308

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000031 of 000036

# EXHIBIT 7

2006 WL 335784
Only the Westlaw citation is currently available.
United States District Court,
W.D. Louisiana.

Edward CARINO, et al.

v.

WAL-MART LOUISIANA, LLC, et al.

No. Civ.A. 05-1978.
|
Feb. 9, 2006.

**Attorneys and Law Firms**

Scott H Fruge', Degravelles Palmintier et al., Baton
Rouge, LA, for Edward Carino and Mechelle Carino.

Philip Andre' Fontenot, Davidson Meaux et al.,
Lafayette, LA, for Wal-Mart Louisiana LLC.

MEMORANDUM RULING

MELANÇON, J.

**\*1** Before the Court is Plaintiffs' Motion to Remand
[Rec. Doc. 7]and Defendants' Opposition thereto [Rec.
Doc. 9]. This action was removed from the 27th Judicial
District Court for the Parish of St. Landry on November
18, 2005 pursuant to Defendants' Notice of Removal on
the grounds of diversity of citizenship, 28 U.S.C. § 1332
[Rec. Doc. 5]. Plaintiffs' request a remand on the basis that
the individually named defendant, Thomas Nelson, is a
citizen of Louisiana. Because Plaintiffs are also citizens
of Louisiana, Plaintiffs maintain that a remand is proper
under 28 U.S.C. § 1447 as the Court lacks subject matter
jurisdiction. For the following reasons, Plaintiffs' Motion
to Remand will be denied.

*I. Background.*

The present action arises out of Edward Carino's claim
of personal injuries he allegedly sustained after being
bitten by a snake while shopping in the Lawn and
Garden Center of Wal-Mart, store No. 543 located in
Opelousas, Louisiana. [1] The snake allegedly emerged
from a plant that was part of Wal-Mart's inventory and

bit Mr. Carino on his left thumb and wrist. (*Complaint*
¶ 4). Defendant Thomas Nelson was the manager of
the Opelousas Wal-Mart store at the time of Carino's
accident. (*Complaint* ¶ 8; *Defendant's Opposition,* p. 1). As
manager, Nelson performed general administrative and
managerial duties, including instruction and supervision
of employees. (*Defendant's Opposition,* p. 10).

Plaintiffs assert against Nelson seven alternative theories
of recovery: "(1) failure to survey the premises of the
Lawn and Garden Center of Wal-Mart to keep it safe for
consumers, specifically by allowing a poisonous serpent
to be present in the plants/trees that it was offering for
sale to Plaintiff; (2) failure to oversee the proper inspection
of the premises by his employees for this purpose and to
keep its premises safe from a known danger to customers,
that being the presence of snakes in plants/trees found in
the Lawn and Garden sections of Wal-Mart stores; (3)
failure to properly and adequately manage and maintain
the Lawn and Garden Center of Wal-Mart for the safety
of their customers; (4) failure to warn customers of the
presence of potential poisonous serpents in the Lawn and
Garden Center of the store; (5)creating an unreasonably
dangerous condition on the premises; (6) other acts
of negligence and fault which may be shown through
discovery or at trial; and (7) generally, the failure of
the defendant to act with the required degree of care
commensurate with the existing situation ." (*Complaint* ¶
10).

*II. Standard of Review.*

Under 28 U.S.C. § 1447(c), a district court is mandated
to remand a case if, at any time before final judgment,
it appears the court lacks subject matter jurisdiction.
Plaintiffs contend that because Nelson and the Carinos
are citizens of Louisiana, there is an absence of complete
diversity of citizenship and thus no subject matter
jurisdiction. Defendants maintain that removal of this
case was proper and that a remand is not warranted
because Nelson was fraudulently joined in this suit.

**\*2** To prove that a non-diverse defendant like Nelson
was improperly joined, the removing party must show
actual fraud in the pleading of jurisdictional facts or
an inability of a plaintiff to establish a cause of action
against a defendant in state court. See *McKee v. Kansas
City Southern Railway Co.,* 358 F.3d 329, 333 (5th

Cir.2004); *Travis v. Irby,* 326 F.3d 644, 647 (5 th Cir.2003). Defendants raise the latter issue. "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. General Dynamics,* 60 F.3d 213, 216 (5th Cir.1995).

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5 th Cir.1996). Moreover, "claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff." *Id.*

### III. Law and Analysis.

Generally, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." *Holmes v. Great Atlantic & Pacific Tea Co.,* 587 So.2d 750, 752 (La.App. 4th Cir.1991). "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee." *Id.* Defendants contend that Plaintiffs have no chance of recovery against Nelson because the Carinos have failed to establish the required showing for imposing personal liability on an employee. Defendants correctly point out that the controlling Louisiana Supreme Court decision on the issue of employee liability is *Canter v. Koehring Co.,* 283 So.2d 716, 721 (La.1973), *superceded by statute on other grounds,* wherein Louisiana's high court held that in order to impose personal liability on an employee for breach of a delegated duty, the following must be established: [2]

1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

 **\*3** 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

With regard to the fourth *Canter* factor, Plaintiff's do not dispute that if Thomas Nelson breached a duty, it was an administrative duty. Plaintiffs' seven theories of Nelson's negligence include his failure to oversee, inspect, manage, maintain, warn, act with care, or otherwise generically prevent their injuries. (*Complaint,* ¶ 10). Specifically, Plaintiffs assert that their claims against Nelson arise from his "failure to properly perform his management duties." (*Plaintiffs' Motion,* p. 6). Further, Plaintiffs have failed to allege any facts which would indicate that Nelson's general administrative duty to protect store patrons included the specific non-administrative duty of inspecting for snakes in the Lawn and Garden section.

Even when viewing the Carino's allegations regarding Nelson's acts or omissions in a light most favorable to

the movants, Plaintiffs fail to establish that they could maintain a claim against Nelson. Thomas Nelson's duty to ensure the safety of patrons at Wal-Mart, store No. 543 is nothing more than an administrative responsibility. There is no such theory of recovery under Louisiana law. See *Carter v. Wal-mart Stores, Inc.,* 2005 WL 1831092 (W.D.La.2005)(manager had not actively contributed to defective condition and could not be linked to hazard-causing employee); *Harrod v. Zenon,* 2003 WL 21748687 (E.D.La.2003)(station manager not liable in personal capacity for accumulation of fuel on service station bay floor); *Ware v. Fairmont Hotel Company-New Orleans,* 1998 WL 906703 (E.D.La.1998)(general manager not personally responsible for general inspections); *Bennett v. Kmart Corp.,* 1996 WL 577919 (E.D.La.1996)(store manager had only administrative responsibility for the cleaning of store).

*IV. Conclusion.*

For the reasons stated, the Court concludes that Defendants have carried their burden of establishing that there is no possibility that Plaintiffs could maintain a cause of action against Nelson. As such, he was improperly joined in this suit. Accordingly, Plaintiffs' Motion to Remand will be denied and Plaintiffs' claims against Thomas Nelson will be dismissed with prejudice.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 335784

Footnotes

1    Edward Carino's wife, Mechelle Carino, asserted claims for her mental anguish, distress, and loss of consortium and society of her husband. (*Complaint* ¶ 13).

2    The Fifth Circuit recognized the *Canter* guidelines in *Ford v. Elsbury,* 32 F.3d 931 (5th Cir.1994).

D577D0E6-477F-49D1-A2C7-0C87900AB493 : 000035 of 000036

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 18-CI-0266

LYDIA THORNSBURY                                                        PLAINTIFF

v.

WALMART INC.,
ROGER COLLIER, and
UNKNOWN DEFENDANTS                                              DEFENDANTS

## ORDER GRANTING DEFENDANT
## ROGER COLLIER'S MOTION TO DISMISS

This matter having come before the Court on Defendant Roger Collier's Motion to Dismiss and this Court having considered the arguments of counsel and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant Roger Collier's Motion to Dismiss is GRANTED. Plaintiff's Complaint against Mr. Collier is hereby dismissed with prejudice. This order is final and appealable and there is no just cause for delay.

So entered this the ____ day of _____, 2018.

_____
JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | | |
|---|---|---|
| LYDIA THORNSBURY | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| WALMART INC., et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |

## ORDER GRANTING DEFENDANT
## ROGER COLLIER'S MOTION TO DISMISS

This matter having come before the Court on Defendant Roger Collier's Motion to Dismiss and this Court having considered the arguments of counsel and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant Roger Collier's Motion to Dismiss is GRANTED. Plaintiff's Complaint against Mr. Collier is hereby dismissed with prejudice. This order is final and appealable and there is no just cause for delay.

So entered this the ___ day of _____, 2018.

_____
JUDGE

1